## EMANUEL vs. BIRD, Adm'r.

1. In equity, partnership debts are considered joint and several, and the joint creditors have the right to proceed against the estate of a deceased partner, if the surviving parties are insolvent and there is no joint fund to which they may resort.

2. In the administration of partnership assets partnership debts are entitled to priority over the individual debts of the partners.

3. In the administration of the separate estate of a deceased partner, his separate creditors are entitled to priority over the joint creditors, so long as there is a joint fund to which the latter may resort.

4. When the surviving partners are insolvent and there is no joint fund to which the partnership creditors may resort, they are entitled to share in the assets of the deceased partner *pari passu*, with his separate creditors.

5. Whether a partnership creditor can participate in the administration of an insolvent estate, when the surviving partners are solvent, QUERE?

ERROR to the Court of Probate of Mobile.

THE plaintiff in error filed a claim against the estate of Tho. Casey, deceased, which had been declared insolvent. The claim was a partnership debt against the firm of Greene, Casey & James, of which Thomas Casey was proved to be a member. It was also proved that Greene and James, the other partners, were insolvent. The Court of Probate decreed " that said claim be allowed in the event that the assets of said estate shall be deemed sufficient to pay in full the individual liabilities of said decedent, and not otherwise."

GIBBONS, for plaintiff in error:

1. A debt due from a partnership is the several debt of each co-partner, and each may be separately sued.—Clay's Dig. 323, § 63; 1 Ala. 235; 5 ib. 216.

The natural inference from this is specifically asserted, (Clay's Dig. 325, § 67,) on condition certain affidavits are filed with the court, which has been done in this case.

It is true that inasmuch as the assets go to the survivor, at common law, the survivor must be first sued; but the last recited act has altered that rule even at law in this State, where the survivor is shown to be insolvent.

At equity full effect is given to the notion of debts due by a partnership being joint and several, and the creditor is permitted at once to proceed against the estate of the deceased partner.—Story on Partnership, 515; Collyer on Part., 404-5, § 4. The rule is so at common law because the remedy survives. Here by statute the remedy is against either survivor, or the estate. The law then is different; " the reason ceasing, the law ceases." It is admitted that natural justice demands that co-partnership creditors should first resort to the partnership funds for their payment, but where there are no partnership funds, there is no reason in thus postponing the creditor of the partnership to the individual creditors, for he holds a separate claim against the individual partner as well as they.—See Story on Partnership, 517, et seq.

In this case there is no distinct partnership fund. All the assets of the co-partnership were received by Casey, and he assumed to pay the debts of the concern. He has thus made this an individual debt of his own, and it should be so treated.—See Story, 520 *et seq.*

The act of 1843, under which this estate is to be settled, has the same object as the bankrupt laws of England, that is, a ratable distribution of the property among the creditors. There is no solvent living partner, and no joint funds. In such case a partnership creditor can come in against the estate *pari passu* with the separate creditors. This is stated by Judge Story to be the rule practiced upon by the court in England administering the bankrupt law.—Story on Partnership, 517, bot. page, and cases there cited.

And where the transaction shows it to have been the intention of the parties to make it a joint and several demand, the partnership creditor has been permitted to claim of the individual partner, as if it were simply an individual debt.—3 Ves. jr. 573; 1 Atkyns R. 106; 5 Serg. & R. 90, opinion of Gibson, J.

Then under the several statutes of this State in relation to copartners, and the statute governing the distribution of insolvent estates, (Clay's Dig. 192, § 2,) it is contended that Emanuel's claim makes him such a creditor of Casey as to entitle him to a ratable distribution of the assets in the hands of the administrator.—7 Sm. & Marsh. 280; 1 Ash. R. 347; 6 Ohio 103, 113; 8 ib. 328; 22 Pick. 450; 5 Cranch 40.

Wm. G. Jones, *contra:*

1. The main point presented by the record in this case is new in this court, and it is one of very great importance in the settlement of insolvent estates in Alabama. Where a partner in a firm dies, leaving surviving partners, and there are individual creditors of the decedent, and also creditors of the partnership, and the estate of the decedent is insolvent, shall the individual creditors and the partnership creditors share equally and *pari passu* the individual estate of the decedent, or shall the individual creditors be first paid out of the individual assets? This is the main question in the case. It is well settled, that on the death of a partner, the surviving partners are entitled to all the assets of the firm, for the purpose of collecting and disposing of

Emanuel v. Bird, adm'r.

them for the payment of the debts of the firm. Hence it is, that at law the creditors of the firm can only sue the surviving partners. Hence, also, partnership debts and obligations were considered as joint only, and not joint and several. The creditors were creditors of the surviving partners only; they were not creditors of the decedent or of his estate. As to the deceased, the debt was extinguished at his death. It is not necessary to cite authorities for principles so well settled. There is another principle of the law of partnership so well settled as not to be contested. It is, that partnership creditors have a right to full payment of their debts out of the partnership assets, before any individual creditor of either partner can subject them to his debt. This principle has never, so far as I can find, been departed from, and has always been applied in cases of bankruptcy and insolvency. The converse of this is equally true, that in cases of insolvency the individual creditors of an insolvent partner are entitled to priority of payment out of his individual estate over the partnership creditors. This is a principle of general equity and does not rest on any statutory provisions of the bankrupt or insolvent laws, either of England or this country. It has been fully recognized and acted on by the courts and jurists of the highest authority, both in this country and in England.—Coll. on Part., Perkins' edit., 526-37; Ib. 637; Cary on Part. 296, (5 Law Lib.;) Gray v. Chiswell, 9 Ves. jr. 118; 3 Kent's Com. 64-5; Story on Part. 516, § 363; Ib. 519, § 365; McCullough v. Dashiell, 1 Har. & Gill, 96; Arnold & Pinckard v. Hamer, 1 Freeman's Ch. 509; Oakey & Co. v. Rabb's Ex'rs, 1 ib. 546.

According then to long and well settled principles, the decision of the Judge of Probate, giving a priority of payment to Casey's individual creditors out of his individual estate, was correct. But it is contended by the counsel for the plaintiff in error, that the supposed insolvency of the surviving partners of Casey will prevent the application of the principle above stated, to this case. To this, there are two conclusive answers; first, there was no legal proof of the supposed insolvency of Green & James in the Probate Court. The only things touching that subject are the *ex parte* affidavits of the claimant himself and of King, which it is obvious were not evidence and could not be regarded by the court. Secondly, the insolvency of the survivors may have been considered in equity as a ground on which the

creditors of a copartnership may come into equity to subject the estate of the deceased partner to their demands, before exhausting legal remedies against the surviving partners. But it has never, in any case of insolvency, been held to vary the rule that the partnership creditors are entitled to priority of payment out of the partnership property, and the individual creditors to priority of payment out of the individual property.

It is also urged for the plaintiff in error, that our statutes in relation to partnership liabilities and insolvent estates abolish in this State the principle we contend for. This is not the proper construction or effect of our statutes. The statute of 1818, (Clay's Dig. 323,) only regulates the practice and mode of procedure on partnership debts; it does not alter their character nor make them joint and several, instead of joint. This is the construction put on this statute by this court, in the cases of Marr's Ex'x, v. Southwick, 2 Port. 371, and Trann v. Gorman & Chapman, 9 ib. 456; see also, Lucas v. Atwood, 2 Stew. 384. In this respect our statute is essentially different from the Mississippi statute, on which alone the case, Dahlgern v. Duncan, 7 Smedes & M. 295, so much relied on for the plaintiff in error, was decided. But even the Mississippi statute was held by Chancellor Buckner, 1 Freem. R. 509-546, and by Chief Justice Sharkey, in his dissenting opinion in the case of Dahlgern v. Duncan, 7 Smedes & M. 295, not to be properly construed, as contended for by the counsel for the plaintiff in error. The statute of 1818 then, can have no such effect as that contended for by the counsel for the plaintiff in error, unless the decisions of this court above cited are overruled.

The statute in relation to insolvent estates, (Clay's Dig. 192,) was intended to do away with the distinction which previously existed between judgment debts, specialty debts, and simple contract debts. It puts the creditors of the insolvent estate, whether by judgment, specialty or simple contract, on an equal footing as between themselves. It obviously was not intended, and ought not to be construed, to bring in a new class of creditors, to make those who were only creditors of the surviving partners, and not of the decedent, creditors of the insolvent estate.—See the cases cited from Freeman's Rep., above. This statute then does not aid the plaintiff's claim; neither can the statute of 1839, (Clay's Dig. 324,) aid the plaintiff. That ap-

Emanuel v. Bird, adm'r.

plies only to actions at law, and applies only to solvent estates, for at the time that act was passed no action at law could be maintained against the administrator of an insolvent estate. Besides, that act requires an affidavit of the insolvency of the surviving partners, at or before the commencement of the proceedings against the administrator of the deceased partner. No such affidavit was made in this case until long after this claim was filed and contested; and if suit were brought without such previous affidavit, no execution could issue until after there had been judgment, execution, and a return of *nulla bona* against the surviving partners. But at most this statute could have no influence on the rule as to the prior right of the individual creditors to payment out of the individual estate, in case of insolvency. It could have no greater effect than was given to it by the probate judge in this case. The injustice, inconvenience and hardship of the rule contended for by the plaintiff in error, must be apparent to the court on reflection, and should prevent the court from adopting it, at the sacrifice of such equitable and well established principles as would be overthrown by its adoption. If this be established as law, then a man who is a partner in a firm may die leaving individual property more than sufficient to pay all his individual debts, and partnership property more than sufficient to pay all the partnership debts. The partnership property goes to the surviving partner. The partnership creditors may nevertheless file their claims against the estate of the deceased, and thereby render it insolvent, and get their *pro rata* share of the individual estate, to the prejudice of the individual creditors, and then make all the balance of their claims out of the surviving partners, or the partnership effects.

DARGAN, C. J.—At common law when a partnership was dissolved by the death of one of its members, the creditors of the firm had no remedy against the representatives of the deceased partner, but were compelled to look to the survivors alone for the payment of their debts; and it seems that at one period the same rule prevailed in equity, and that the joint creditors, neither at law nor in equity, had any remedy against the separate estate of the deceased partner.—Story on Part., § 362. But it is now the well settled doctrine, that in equity all partnership debts are to be considered joint and several, and thus

Emanuel v. Bird, adm'r.

considered, the joint creditors have the right to proceed in equity against the estate of the deceased partner, if the survivors are insolvent.—Story on Part., § 362; Coll. on Part., § 580, Note. Indeed, it is said, in many cases, and by writers of high authority, that the joint creditors may proceed immediately against the estate of the deceased partner, whether the surviving partners are solvent or insolvent.—Story on Part. 362; Coll. § 580. But it is not necessary for us to decide in this case, that the joint creditors may proceed against the estate of the deceased partner, if the survivors are entirely solvent, and I therefore decline to express any opinion upon it; for it will be seen upon a close investigation of this question, that it is surrounded with much difficulty and embarrassment. But where the surviving partners are insolvent, and there is no joint fund against which the joint creditors can proceed, all difficulty is removed, and the partnership debt being considered in equity as joint and several, the creditor may at once proceed against the estate of the deceased partner. Having the right thus to proceed against the representative of the deceased partner, the question arises, how shall the assets be distributed between a joint creditor and an individual creditor of the deceased, when there is not enough to pay both? The principle is unquestionably settled, that in the administration of the copartnership assets, the partnership debts are to be preferred, and are entitled to priority over the individual debts of the partners. On account of this preference of partnership debts over individual debts, in the administration of the partnership assets, necessarily, in my opinion, results the rule, that the separate creditors are to have priority over the joint creditors, in the administration of the separate estate, so long as there is a joint fund to which the joint creditors may resort for payment; for if we were to allow the joint creditors to come in and take *pari passu* with the separate creditors, the fund may be exhausted, leaving the separate creditors unpaid, when all the debts could be paid in full by compelling the joint creditor first to exhaust his remedy against the joint estate, which is primarily liable to pay the partnership debts. The general doctrine, however, whether founded on this reasoning or not, is this, that the joint creditors have a priority of right to payment out of the joint estate, and the separate creditors have the like right of priority out of the separate estate.—Story on

Emanuel v. Bird, adm'r.

Part., § 363. But when there is no joint estate, and the surviving partners are insolvent, then there can be no reason why the separate creditors should be entitled to priority over creditors of the firm; for the debt, though joint at law, is considered joint and several in equity; it is therefore a debt that the *deceased partner separately, as well as jointly,* owed, and the only ground on which such a debt could be postponed must be, that there was another fund bound for its payment. But when this ground is removed and there is no other fund that can be reached by the joint creditors, there can be no reason in allowing separate creditors priority over them. It appears to be the well settled doctrine, that in cases of bankruptcy, where there is no joint estate and no solvent partner, the joint creditors may prove their debts against the bankrupt's estate and receive payment *pari passu* with his individual creditors.—Story on Part., § 363; 14 Ves. 447; *Ex parte* Janson, 3 Maddox, 229; 15 Ves. 52. There can (in my opinion) be no other ground on which the joint creditors can be allowed to prove their demands against the estate of a bankrupt and to receive payment *pari passu* with the separate creditors, than this, that in equity the joint demand must be considered as the separate, as well as the joint debt of the bankrupt, and there being no other fund out of which it can be paid, justice requires it should be paid *pro rata* with all the other debts of the bankrupt. This reasoning applies with equal force under our statutes regulating the distribution of insolvent estates, for by them all debts are placed on an equal footing, and all are entitled to payment *pro rata.* Whenever, therefore, it is ascertained that the claim constitutes a debt that could be enforced against the estate, if solvent, it must be paid *pro rata,* if insolvent, unless there is a fund to which the particular creditor could resort for its payment, but to which the general or individual creditors could not.

Applying these general rules to the case before us, and independent of our statutes that make all partnership debts at law several, as well as joint, we think the Orphans' Court erred; for the testimony shows that the surviving partners, Green & James, are insolvent, and that there is no partnership fund to which the plaintiff can resort.

It may not be improper to say, that we have decided this case upon its own facts, and upon the general principles to which we

have adverted, without intending to decide whether a partnership creditor could be permitted to participate in the administration of an insolvent's estate and receive his *pro rata* dividend, if the surviving partner was solvent and fully able to pay.

Let the decree be reversed and the cause remanded.