## Murphy & Co. *v.* Abrams *et al.*

*Bill in Equity by Assignee of Surviving Partner against Administrator and Heirs of Deceased Partner.*

*Partnership real estate.* — Where real estate is purchased with partnership funds, the title taken in the partnership name, and the property held for partnership purposes; and on the death of one of the partners, the firm being insolvent, the surviving partner conveys the lands, with all the other partnership property, to an assignee, in compromise and settlement of the claims of creditors, who assent to it, — the assignee may maintain a bill in equity against the heirs of the deceased partner, to compel a divestiture of the legal title, and have the lands applied to the payment of the partnership debts.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. ADAM C. FELDER.

The facts of this case were thus stated by B. F. SAFFOLD, J.: —

"The bill was filed by the appellants, and prayed that the legal title to certain lands be divested out of the heirs-at-law of Henry S. Abrams, deceased, and that said heirs be required to convey the same to the complainants. The ground of this claim to relief is stated to be, that the said lands were partnership effects of the mercantile firm of J. R. & H. S. Abrams, and the title thereto was taken in the partnership name; that on the 21st April, 1868, after the death of H. S. Abrams, the surviving partner, J. R. Abrams, conveyed them to the complainants, in compromise of the debts of the firm far exceeding their value; that by the terms of the compromise, which was agreed to by J. R. Abrams and all the creditors with inconsiderable exceptions, the complainants were to take all the property conveyed in the assignment, and to pay the other creditors fifty cents on the dollar, in satisfaction and release of all their demands against the insolvent partnership, and against said J. R. Abrams, personally, who had attempted, but unsuccessfully, to continue the business after the death of his partner; that the heirs of said H. S. Abrams refused to recognize the conveyance and compromise made by the surviving partner, and thereby embarrassed and prevented the proper disposition of the lands. The administrator and heirs-at-law of said H. S. Abrams, and the surviving partner, were made defendants to the bill.

" The surviving partner and the administrator made no defence. But the heirs put in issue the insolvency of the firm, the partnership character of the real estate, and the good faith of the debts claimed by the complainants, and of the alleged compromise. They also demurred to the bill, — 1st, for want of equity ; 2d, because the partnership creditors were not made parties, nor their names set out ; and, 3d, because no settlement of the partnership was asked.

" The proof establishes, that the firm of J. R. & H. S. Abrams carried on their business by means of funds obtained chiefly from the complainants. With these, partly in cash and partly in merchandise, they paid for the lands ; and having taken the title in the partnership name, they held them as part and parcel of the partnership effects. H. S. Abrams had no property when the other took him into partnership, and both were hopelessly insolvent at the time of his death. The compromise effected by J. R. Abrams was the very best disposition of the property which could have been made ; and the demands of the complainants, and of the other creditors, were *bonâ fide*, and on valuable consideration."

The chancellor dismissed the bill on final hearing, and his decree is now assigned as error.

Thos. H. Herndon, for appellants, cited Parsons on Partnership, 363 ; *Lang's Heirs* v. *Waring*, 17 Ala. 153 ; *Andrews* v. *Brown*, 21 Ala. 442 ; *Lang's Heirs* v. *Waring*, 25 Ala. 639 ; *Ware* v. *Owens*, 42 Ala. 215 ; *Pugh* v. *Currie*, 5 Ala. 446 ; *Coster's Executors* v. *Bank of Georgia*, 24 Ala. 37 ; 5 Metcalf, 562 ; 1 Sumner, 182 ; 3 Paige, 518-26 ; 2 Sandf. Ch. 366 ; 3 My. & K. 443 ; 1 Story's Equity, § 674.

Rice & Gamble, *contra.*

B. F. SAFFOLD, J. — [After stating the facts.] The main question for decision is, whether, *in the absence of special covenants between the parties,* or where the buying and selling of real estate is not the object of the partnership, the principles and rules of law applicable to partnerships, and which govern and regulate the disposition of the partnership property, apply to real estate purchased out of the joint funds, and conveyed to the partners as tenants in common, and held by them for the purposes of the partnership ; or, whether they would hold their individual moieties in separate and independent titles, and the same would go, on the insolvency of the firm, or on the death of either, to pay their respective creditors at large. The current of authority undoubtedly is, that generally, on clear proof of the fact, such real estate would be held, in equity, to be sub-

[Murphy v. Abrams.]

ject to the partnership debts between the partners and their creditors, and against their separate creditors and subsequent purchasers with notice. Real estate has always been regarded as property of higher order and dignity than personalty, and will, perhaps, continue to be so esteemed. Its permanent character seems to require different regulation in view of monopolies, perpetuities, and confusion of title. At law, it is deemed to belong to the persons in whose name the title by conveyance stands. As the presumption of ownership is always in favor of those in whom the legal title is vested, and the contrary has to be proved, it occurs to me as not necessary, in this case particularly, if in any, in order to sustain the bill, to divest the real estate of its distinctive features, and to stamp it wholly as personal property. If it be held to be personalty only, then it passed by the conveyance of J. R. Abrams, as effectually as did the unquestionable personal assets of the firm. The province of equity would be completed in simply determining that the circumstances and purpose of its acquisition converted it into personal property. On the other hand, as the heirs can take nothing until the debts of the decedent are paid, and his administrator is interested to the extent of his accountability to all of the creditors generally, equity is capable of dealing with the realty as such, declaring the rights and priority of creditors, and divesting the title out of parties, either for the purpose of sale, or of vesting it in others. The full difficulty of the question made by the parties would come up in a case like *Bell* v. *Phyn* (7 Vesey, 453), where the disposition of the property depended entirely on its character of realty or personalty, without regard to controlling rights of parties, as in matters of dower and devises and legacies. I do not understand that real estate may not, as such, be the subject of partnership; and that equity may not, when the necessities of the partnership will admit, dispose of it agreeably to its distinctive characteristics, or leave it to be so disposed of by the law courts.

In *Andrews* v. *Brown* (21 Ala. 437), the surviving partner recovered against the heirs and administrators of the deceased partners, real estate standing in the name of the decedents, for the purpose of paying the debts of the firm, on the ground that it belonged to the firm as partnership property, and was so treated by all the members of the firm. It was held that the heir had the legal title in trust to pay the debts; and as the survivor was charged with the duty of paying them, his deed would convey this equity to his purchaser, and through it the heir could be compelled to convey the legal title. In *Lang's Heirs* v. *Waring* (25 Ala. 625), it was held that, as the surviving partner could not make an effectual disposition of such

[Murphy v. Abrams.]

property without the aid of equity, the confirmation should not be given if the transaction was unfair, inequitable, or unauthorized. This case supports what we have said above, that the legal title ought not to be disturbed, except so far as may be necessary to protect the equitable rights of the respective parties.

The authorities are abundant and conclusive, that when real estate ought to be treated as partnership property, equity will so decree it, at the suit of any one who shows a beneficial interest in having it so declared. They are scarcely less agreed on the doctrine, that it becomes partnership effects when purchased with the joint funds, for partnership purposes, and so held by the partners. Story on Partnership, pp. 127, 128; 1 Story's Eq. Jur. § 674; Collyer on Partn. b. 2, ch. 1, pp. 82, 83, 2d ed.; 3 Kent's Com. § 43, p. 37; *Smith* v. *Smith*, 5 Vesey, 189; *Ripley* v. *Waterworth*, 7 Vesey, 424.

The equity of the bill is shown in the necessity of having the real estate decreed to be partnership property, the disposition made of it by the surviving partner, conveying his own interest, and whatever rights the partnership had to the complainants, his insolvency, and the priority which the partnership creditors are entitled to. *Emanuel* v. *Bird*, 19 Ala. 596; *Lucas* v. *Atwood*, 2 Stew. 378.

The decree is reversed, and the cause remanded.

NOTE BY REPORTER. — On a subsequent day of the term, in response to an application by the appellees for a rehearing, the following opinion was delivered: —

SAFFOLD, J. — The appellees ask for a rehearing, because they say this suit improperly withdrew from the probate court the due administration of the estate of H. S. Abrams. The probate court had no jurisdiction to determine whether the land in controversy was the partnership property of J. R. & H. S. Abrams. The chancery court so holds it to be, and finds that H. S. Adams was insolvent. If J. R. Abrams, as surviving partner, had made the assignment for preferred creditors in good faith, the only remedy of other creditors would have been to get it declared a general assignment. This it was. The property was disposed of as the law required.

A rehearing is denied.