# Treadwell *v.* Torbert.

*Bill in Equity to have Deed cancelled as Cloud
upon Title.*

1. *Equity pleading; presumption on motion to dismiss bill for want of equity.*—On motion to dismiss a bill for want of equity, every averment, though defective, but capable of being cured by amendment, must be taken and considered as true.

2. *Equity jurisdiction; right of grantor to have deed procured by fraud cancelled.*—Where a criminal prosecution is instituted by one person against another on a false charge, for the purpose of inducing the latter's wife to execute a deed conveying certain lands to the prosecutor in consideration of his dismissing the prosecution, and the wife, on representation that her husband committed the offense, executes a deed to secure his release, she can maintain a bill to cancel such deed and set it aside as a cloud upon her title.

3. *Compounding felony; when not shown to exist.*—Where the person who institutes a criminal prosecution on a known false charge, agrees that for a given consideration he will desist from the prosecution and secure the release of the party charged with the crime, such an agreement does not constitute the offense of compounding a felony; the person accused not being guilty of the offense charged.

[Treadwell v. Torbert.]

4. *Laches; when shown not to exist.*—Staleness of demand or
    laches in the establishment of a right is founded upon ac-
    quiescence in the assertion of adverse right and unreasonable
    delay to the prejudice of the adverse party; and where in a
    bill filed by the grantor in a deed which was procured by
    fraud, to have the deed cancelled and set aside as a cloud upon
    the complainant's title, it is averred that the complainant was
    in possession, and there is no averment to show that he ever
    surrendered posession under said deed or recognized the
    grantee's title thereunder, such complainant can not be
    charged with laches on motion to dismiss the bill for the want
    of equity.

APPEAL from the Chancery Court of Geneva.
Heard before the Hon. JERE N. WILLIAMS.

The facts of the case are sufficiently stated in the
opinion.

W. O. MULKEY, for appellant, cited *Halter v. Green-
lee,* 1 Port. 222; *Phelps v. Zuschlag,* 34 Texas 371; *Sei-
ber v. Price,* 26 Mich. 518; *Hackett v. King,* 6 Allen
(Mass.) 58; 5 Amer. & Eng. Encyc. of Law, 62 *et seq.*

GEORGE P. HARRISON and MORRIS & CARMICHAEL, *con-
tra.*—Construing the bill most strongly against the
pleader, it fails to show that the deed in question was
procured through fraud and duress, but shows that it
was executed by the wife in an effort to relieve her hus-
band from the consequences of a prosecution for a felony
—in other words, that the real consideration of the deed
was the compounding of a felony. If this be true, then
the doctrine of *in pari delicto* applies, and the contract
being executed, a court of equity will in no wise interfere
to extricate the parties, or either of them, from the posi-
tion into which their own illegal conduct has placed
them. This principle of law is well understood, and the
authorities upon it are numerous.—6 Amer. & Eng. En-
cyc. of Law, (2d. ed.), 414; *Walker v. Gregory,* 36 Ala.
180; Benjamin on Sales, 503; 1 Brickell Dig. 381; *Tread-
well v. Torbert,* 119 Ala. 279.

[Treadwell v. Torbert.]

TYSON, J.—The bill in this case was filed by appellant to cancel a deed executed by her to the appellee on the 27th of June, 1895, as a cloud upon her title to certain lands of which, it is averred, she is in the possession. The chancellor dismissed the bill for want of equity, and it is from this decree that this appeal is prosecuted. The facts averred may be fairly collated, notwithstanding they are not tersely and concisely stated, as follows: That the defendant on May 1, 1895, commenced a criminal prosecution against the husband of complainant for obtaining from him $800 under false pretenses, which was wholly unfounded and fraudulent, and for the purpose of procuring the execution of this deed; that before and after her husband's arrest the defendant represented to her that her husband had committed the said offense, and that he was liable to be imprisoned therefor in the penitentiary; and that it would be necessary for complainant in order to secure his release and avoid his conviction and sentence, to execute the deed which she here seeks to have cancelled; that the charge brought by defendant against her husband was false, malicious and "trumped up," and that defendant knew it to be false, but resorted to it for the purpose of inducing complainant to execute the said deed; and that there was no other consideration for said deed.

These facts must be taken as true on the motion to dismiss the bill for want of equity, and, indeed, every averment of the bill, though defective, but capable of being cured by amendment, must be so taken and treated. They constitute a fraud upon complainant against which a court of equity will grant relief. It would be unconscionable, and would encourage a resort to dishonest artifices and practices to acquire property, to allow the defendant to retain the fruits of this transaction, obtained under the circumstances alleged in this bill.

The record contains no opinion of the chancellor, and we are without data, by which we could be informed, as to the considerations that influenced him in reaching the conclusion, that the bill contained no equity. Doubtless the contention was insisted upon before him by the defendant, that is here relied upon. It is, that the facts

[Treadwell v. Torbert.]

averred show that the real consideration of the deed was the compounding of a felony. How defendant could be guilty of compounding a felony by taking or receiving the property conveyed by the deed to compound or conceal such felony or to abstain from any prosecution therefor, if complainant's husband had committed no offense, we are unable to perceive. Had he been indicted for the compounding of a felony by receiving the deed from complainant, in consideration of his promise to conceal or to abstain from a prosecution of her husband, it would have been a perfect defense to have shown that complainant's husband was not guilty of obtaining the money by false pretenses—that the charge and prosecution was unfounded and could not have been successfully maintained. It would be a *non sequitur* to hold that defendant would not be guilty of compounding a felony under the facts alleged in that bill, but that complainant should be denied the right to prosecute this suit because she shared in the guilt of an illegal and immoral transaction. It follows that the case as now made by this bill is clearly distinguishable from *Treadwell v. Torbert*, 119 Ala. 279, and not within the influence of the principles there declared.

The contention of appellee that the decree dismissing the bill should be affirmed, because it appears that more than three years have elapsed since the matters complained of arose and the filing of the bill, is untenable. Even if this doctrine had any application to this case, we would treat the bill as amended so as to relieve the complainant of the imputation of *laches*. But, it is distinctly averred that she is in the possession of the lands, and, for aught that appears, has never surrendered the possession to defendant under the deed, or recognized his claim or title to them. Staleness or *laches* is founded upon acquiescence in the assertion of adverse rights and unreasonable delay on complainant's part in not asserting her own to the prejudice of the adverse party.—Pom. Eq. Jur., § 419; 12 Am. & Eng. Encyc. of Law, 533; 3 Brick. Dig., 366, § 463.

[Richardson v. Stephens.]

There are some amendable defects in the bill which can be cured, but they furnished no ground for its dismissal on the motion.

The decree must be reversed and the cause remanded. Reversed and remanded.