# Ogletree, *et al. v.* Rainer, *et al.*

*Bill to Enforce Equitable Interest in Land.*

(Decided July 2, 197. 44 South. 565.)

1. *Quieting Title; Defenses; Laches.*—Complainants having been in the peaceable possession of the lands in controversy under an equitable claim of title, such possession was notice of their equitable right and they were not chargeable with laches for delay in resorting to equity to establish their legal title.

2. *Same; Sale of Partnership Realty; Death of Partner; Allegation; Proof.*—In a suit against the heirs of the deceased partner to establish a legal title in complainant, who claimed under an equitable right, and to compel a conveyance by the heirs of the legal title, it was necessary for complainants to allege and prove that the personal assets of the firm were insufficient to pay its debts; the fact being in this case that the firm was dissolved by the death of the senior party, and the real estate belonging to the firm was sold by the surviving partner and wife and the widow of deceased partner, as individuals only, the complainants being the vendees of the purchaser at said sale.

APPEAL from Coffee Chancery Court.

Heard before Hon. A. D. FOSTER, Special Chancellor.

Bill by F. P. Rainer and another against Laura Ogletree and others to recover certain land and to compel defendants to convey all their interest therein to complainants. From a decree overruling certain demurrers to the bill, defendants appeal. Reversed and rendered.

The facts made by the bill are that on and prior to

[Ogletree, et al. v. Rainer, et al.]

the 8th of May, 1882, Samuel P. Beall and John W. Beall were partners, doing business under the firm name of S. P. Beall & Son in the town of Elba, Ala., and were the owners and in possession of a certain house and lot in the town of Elba, particularly described in the bill; that Samuel P. Beall is the father of respondent, and John W. Beall is a brother of respondent; that on May 8, 1882, Samuel P. Beall died, and on the 8th day of February, 1884, the said John W. Beall, as surviving partner of the firm of S. P. Beall & Son, and his wife, Mary O. Beall, and the widow of Samuel P. Beall, sold and conveyed by warranty deed to Hettie Smith all of the above described land (a copy of the deed being attached as an exhibit to the bill); that complainants are now the owners and in possession of said land, having obtained title to the same by mesne conveyances from the said Hettie Smith and those claiming under her; that complainant Rainer owns a certain described portion of the lot by deed executed to him by J. W. Comer (a copy of that deed being attached); that Mrs. Lee is the owner of and in possession of a certain described part of said lot as described in two deeds executed to her by Claude Riley; that a deed was also executed to her by W. W. Gunter (these deeds being made exhibits). It is then alleged that the sale of said lands by said John W. Beall and those joining with him in the deed to Hettie Smith was made for the purpose of securing money with which to pay the indebtedness of the firm of S. P. Beall & Son, and that the proceeds arising from the sale were paid by said John W. Beall on debts contracted by said firm of S. P. Beall & Son, and that by said conveyance the said Hettie Smith and those claiming under her acquired the equitable title to the interest of the said S. P. Beall in said lands, and the legal title of the said John W. Beall and

wife and Susan A. Beall, but that the legal title to the interest of S. P. Beall is still vested in the respondents mentioned above, the respondents being the children and heirs at law of S. P. Beall; that the said Hettie Smith and those claiming under her, including these complainants, have been in the actual possession of said lands since the date of the execution of the deed to her by said John W. Beall and wife and Susan A. Beall, claiming and using said lands as their own; that at the time of the death of said S. P. Beall he left a will disposing of all his real and personal property, which will has been duly admitted to probate, and by the terms of which Susan A. Beall became entitled to a life estate in the lands hereinabove mentioned; and that by virtue of the deed from John W. Beall and wife and said Susan A. Beall to Hettie Smith these complainants acquired a life estate in said lands. The respondents filed a motion to dismiss the bill for want of equity, which motion was overruled. The bill was then amended by the additional allegation that the said real estate was property belonging to said firm as a partnership, having been acquired by the said firm by purchase partly with partnership funds and partly received in payment of a debt due to said partnership, and that it was acquired before the death of the senior partner, and that it was held by said partnership and used by it for partnership purposes, and that at the time the said John W. Beall sold the said real property there were in existence debts which the said firm owed at the death of said Samuel P. Beall, and which the said John W. Beall, as surviving partner, was under the duty of paying.

After amendment the respondents filed a number of demurrers, 41 in all, but it is only necessary to set out the following: (20) "There is no averment in said bill

that it was necessary to sell said real estate to pay the debts of said partnership." (24) "The bill shows, and by its averment and exhibits attached thereto, that said J. W. Beall did not sell said lands or convey the same as surviving partner." (25) "There is no averment in said bill showing how or in what way or in what manner these respondents are bound by the averments of said bill." (26) "The averments of said bill show that these respondents are not bound thereby." (27) "There is no averment in said bill showing how or in what way the estate of S. P. Beall is bound by the averments." (33) "There is no averment in said bill that there was not sufficient personal property belonging to said alleged partnership to pay the debts of said partnership without a sale of the real estate." (34) "There is no averment in said bill showing whether the alleged partnership was a commercial partnership, or a real estate partnership, or for what purpose it was formed." (39) "The bill fails to show that it was necessary to sell the real estate of said partnership to pay the debts thereof, or for a settlement of said partnership affairs." (40) "The bill fails to show a necessity for the sale of said real estate for any purpose." (41) "The bill shows upon its face that the grantors in said deed only intended to convey their individual interest in said land, and not the interest of said partnership (Exhibit A)." The chancellor overruled these and the other demurrers filed to the bill, and from this ruling this appeal is prosecuted.

BRANNEN & GARDNER, M. W. RUSHTON, and R. H. PARKS, for appellant.—In America partnership real estate remain real estate.—4 Parson's on Partnership, p. 358; 22 A. & E. Ency. of Law, p. 106; *Darrow v. Calkins,* 154 N. Y. 515. Neither a surviving partner nor

[Ogletree, et al. v. Rainer, et al.]

creditors can go into equity to compel a divestiture of title from the heirs of the deceased partner until the personal property of the partnership is exhausted.— *Lang v. Warren,* 25 Ala. 625; 8 Ohio 328; 20 Mo. 174; 80 Mo. 27; 74 Pa. St. 91; 11 Gray 179; 122 Ind. 299. The bill should be dismissed for staleness of demand.— *Thompson v. Parker,* 68 Ala. 387; *Espey v. Comer,* 76 Ala. 505. It is barred by the statute of limitations.— *Bozeman v. Bozeman,* 82 Ala. 390; *Garrett v. Garrett,* 69 Ala. 429; *McArthur v. Carrie,* 32 Ala. 75; *Matthews v. McDade,* 72 Ala. 377. The deed gave to complainants no right, either in law or in equity, to any interest in the land other than that held by J. W. Beall.—*Caldwell v. Palmer,* 56 Ala. 410; *Lang v. Warren, supra.* All warranties by a tenant for life are void as against the remaindermen.—*Edwards v. Bender,* 121 Ala. 77; *Pickett v. Pope,* 74 Ala. 122.

RILEY & WILKERSON, and J. F. SANDERS, for appellee. —The peaceable possession of complainants was notice of their equitable rights and the bill is not subject to imputation of staleness of demand.—18 A. & E. Ency. of Law, 124. It was not necessary to allege and prove that the personal property of the partnership was insufficient to pay the debts.—*Tillinghast v. Champlin,* 67 Am. Dec. 510; *Davis v. Smith,* 82 Ala. 198; *Andrews v. Brown,* 21 Ala. 437; *Espy v. Comer,* 76 Ala. 501; *Lang's Heirs v. Waring,* 25 Ala. 625; *Rovelsky v. Brown & Smith,* 92 Ala. 522; *Murphy & Co. v. Abrams,* 50 Ala. 293; *Brewer v. Brown,* 68 Ala. 210; *Powers v. Robinson & Co.,* 90 Ala. 225; *Roulston v. Washington,* 79 Ala. 259; 11 Brick. Dig. p. 303.

HARALSON, · J.—We classify the assignments of error as appellants have done in brief, those numbered

13, 14, 15, 16, 35, 36, and 38, being grouped and considered together. These grounds of demurrer sought to raise the question of the statute of limitations and staleness of demand against the claim of complainants. The contention of defendants, to employ the language of their brief, is: "The bill shows upon its face that the cause of action accrued in the year 1884, if there is a cause of action, and the long delay in bringing the suit is not accounted for, nor is there any attempt to explain it away."

The reply on the other side is, that the title under which complainants claim, is the equitable title. They have been in peaceable possession for a long time, being considered for the purposes of this suit, as having been in possession ever since the sale of the property by the surviving partner. Their possession was notice to all, of their rights and claims, and it was really not necessary for such a claimant to assert his rights until they were attacked, and that complainants in this court, assert that they have the legal title invested in them.

In 18 Am. & Eng. Ency. Law (2d Ed.) 125, it is stated, supported by reference to many decisions from many states, that "laches will not be imputed to one in peaceable possession of property for delay in resorting to a court of equity, to establish his right to the legal title. The possession is notice to all of the possessor's equitable rights, and he need only to assert them when he may find occasion to do so."—*Harold v. Weaver*, 72 Ala. 373. These grounds were, therefore, unavailing.

The next grounds of demurrer are those numbered 24, 25, 26 and 27.

Other grounds insisted on raise the question that there is nothing in the bill and exhibits to show that John W. Beall and his wife, Susan, at the time they signed the deed for the sale of the lands, intended to

convey any interest other than what they as individuals owned; that the deed is not executed by John W. Beall, as surviving partner of the firm of Beall & Son, and it cannot be gathered from the contract that either of said parties ever contemplated conveying the interest of S. P. Beall, deceased, the senior member of said firm, in said lands which belonged to said partnership. Or, to state it differently, whether the bill should have averred, any necessity for the sale of the lands at the time they were sold by John W. Beall, for the purpose of paying the debts of the partnership, or does it rest on complainants to show that John W. Beall, the surviving partner, could not have paid the debts of the firm in any other manner than by selling the real estate, or that the personal property was exhausted at that time.

The principle is well settled, in the absence of an agreement in the partnership articles to the contrary, that, upon the death of one of the partners, the title to real estate belonging to the partnership vests in the heir, but it may be subjected by creditors to the payment of partnership debts, or sold by the surviving partner for the purpose of paying such debts, provided the personal assets of the partnership are insufficient for that purpose. Where this is the condition of the partnership business, a deed made by the surviving partner to pay partnership debts, will convey the equitable title, and upon averment and proof of these facts, the legal title may be divested out of the heir, and invested in the purchaser.

The bill in this case fails to aver the insufficiency of personal assets, to pay the partnership debts.

The burden being upon the complainants of showing that they acquired an equitable title to the lands, it was necessary that the bill should aver the insufficiency of personal assets. It follows, therefore, that the grounds

[Merritt v. Coffin, et al.]

of demurrer pointing out this defect in the bill should have been sustained.—*Davis v. Smith*, 82 Ala. 203, 2 South. 897; *Lang v. Waring*, 25 Ala. 641, 60 Am. Dec. 533; *Murphy v. Abrams*, 50 Ala. 295; Parsons on Partnership (4th Ed.) p. 365, § 276.

The decree appealed from is reversed, and a decree will be here rendered sustaining the demurrer to the bill.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.