## Zeigler *v.* Zeigler, *et al.*

### *Bill to Divest Title Out of Respondent and Vest it in Complainant.*

(Decided January 21, 1913. 60 South. 810.)

1. *Equity; Demurrers; Sufficiency.*—Although a demurrer should be sustained where the pleader fails to show a recoverable right, when the pleadings are construed most strongly against him, yet the language of the bill should be given a reasonable interpretation and hyper-criticism should not be indulged in.

2. *Reformation of Instruments; Bills; Purchasers; Sufficiency.*— In an action to establish title by reforming deeds a bill alleging that the complainant bought the described land with her own money, and that the deeds were executed and delivered without design, but through some mistake, so as to convey title to her husband and also alleging that the husband made no claim to the land, but admitted the mistake until his death, was sufficient on demurrer as against the heirs of the husband, although the language was somewhat obscure.

3. *Same; Laches; Husband and Wife.*—The assertion of an adverse right being essential to laches the fact that the wife permitted the legal title to remain in the husband for twenty-eight years before his death did not render the widow's action against the heirs of the husband barred by laches, where the husband at all times recognized the wife's right and admitted the mistake in taking the legal title in himself.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by Sarah M. Zeigler against William J. Zeigler and others to divest title and vest same fully and completely in the complainant. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The case made by the bill is that about 30 years ago complainant married Henry S. Zeigler, and that complainant and Henry S. Zeigler lived together as man and wife until the death of said Henry S. Zeigler, which occurred during the year 1910; that Henry S. Zeigler left an estate, which was solvent; that during the time of their married life complainant became possessed of a

separate estate, which was money given to her by her father; that she negotiated for and purchased a certain piece of land in Autauga county, containing 320 acres, for which she paid $400, but by inadvertence, oversight, and mistake the deed, which was executed October 10, 1883, was made in the name of her husband, Henry S. Zeigler; that there was another tract of land, which was described, in which she owned a one-half interest, as is shown by a deed made by Dora A. Smith to H. S. and Sallie M. Zeigler, under date of March 4, 1882, conveying a one-half interest. Complainant avers that at the time of the execution of said deed she already owned a one-half interest, and that she purchased the other half, and paid the consideration for the same, out of money belonging to her separate estate, but that by mistake, oversight, or inadvertence the deed was made to her and her husband jointly, instead of to complainant. The third paragraph is as follows: "That during the life of complainant's husband, Henry S. Zeigler, he never denied that it was an error in each of said deeds in making him the grantee, but that, on the contrary, he admitted it was an error, and always assessed said lands for taxes in the name of H. S. Zeigler as agent." The demurrers raise the question of staleness of demand, prescription, and the statute of limitation; that the bill seeks to establish a parol trust in real estate; that it is not plain whether complainant is seeking the reformation of the instrument or the enforcement of a resulting trust; that it does not appear what amount of complainant's money was used in the purchase, and that, with full knowledge of the taking of the title in the husband, it was ratified by the complainant; and that there was no equity in the bill.

KNOX, ACKER, DIXON & SIMS, for appellant. Where it appears from the bill itself that the complainant has

248 SUPREME COURT [Vol.

[Zeigler v. Zeigler, et al.]

been guilty of laches barring the right of relief that question is properly raised by demurrer.—*Martin v. Kelley*, 132 Ala. 201; *Lide v. Park*, 135 Ala. 131; *Lady Ensley C. L. & R. R. Co. v. Gordon*, 155 Ala. 536. There can be no doubt but what the statute of limitations runs against trusts of this character.—Authorities supra and *Braken v. Newman*, 121 Ala. 311. The statute began to run from the time that the trustee or beneficiary could have asserted her right.—25 Cyc. 1157; *Braken v. Newman, supra; Nettles v. Nettles*, 67 Ala. 589. There is no reason shown why the statute did not run in this particular case.—*Phillipi v. Phillipi*, 61 Ala. 47; *Scruggs v. Decatur M. L. Co.*, 86 Ala. 179. A parol trust cannot be established in land.—*Oden v. Lockwood*, 136 Ala. 517; section 1342, Code 1907; *Braken v. Newman, supra.* The allegations as to the payment of the money by complainant, are insufficient. —*Haney v. Legg*, 129 Ala. 626. The allegations as to mistake, oversight or inadvertance are insufficient.— *Phillipi v. Phillipi, supra; McCall v. Rogers*, 77 Ala. 349; *Long v. King*, 117 Ala. 423; *Gilbreath v. Farrow*, 147 Ala. 182.

WM. E. FORT and EUGENE BALLARD, for appellee. Under the facts alleged a trust resulted to the wife. —*Haney v. Legg*, 129 Ala. 619; 26 L. R. A. (N. S.) 150; 24 Cyc. 1384. While a parol trust cannot be created in land a resulting trust may be established by parol testimony.—*Haney v. Legg, supra.* The statute of limitations does not run against the wife in favor of the husband in such a case as this, there being no assertion of an adverse right.—*Haney v. Legg, supra;* 45 Amer. St. Rep. 690; 12 L. R. A. (N. S.) 493. The wife's failure to bring the action during the life time of the husband did not constitute such laches as would

[Zeigler v. Zeigler, et al.]

bar the right now.—*Haden v. Ivey*, 51 Ala. 381 and all
the authorities supra.

DE GRAFFENRIED, J.—It is an elementary rule of
pleading that on demurrer the allegations of a plea are
to be taken most strongly against the pleader.  A com-
plainant who seeks relief in a court of equity is pre-
sumed to have stated in his bill of complaint his case
as favorably to himself as his facts will justify, and for
this reason, when the bill of complaint is demurred to,
then, if the bill, when construed as above stated, fails
to show a recoverable right and the defect in the bill
is properly pointed out by the demurrer, the demurrer
to the bill should be sustained.  The language of the
bill of complaint should, however, when the sufficiency
of the bill of complaint is tested by demurrer, be given
a fair and reasonable interpretation, and hypercriti-
cism should not be indulged in.

The truth, said one of the greatest—perhaps the
greatest—of Americans, is the shortest route between
a fact and the statement of that fact, and, when a bill
of complaint shows the facts of a case and those facts
show a right of recovery, the bill is sufficient, although
the language in which the facts are stated may be some-
what involved or somewhat obscure.

1.  Construing the bill of complaint in this case as
we have above indicated, we think that it reasonably
appears that the complainant in the years 1882 and
1883 bought the lands described in the bill of complaint
with her own money, and that she paid for those lands
with her own money before the deeds which are refer-
red to in the bill of complaint were executed and de-
livered.  We also think that it reasonably appears from
the allegations of the bill of complaint that at the time
of said purchases the complainant was a married

woman, that she was then living with her husband as his wife, and continued to live with him as his wife, until his death in 1910. We are also of the opinion that it reasonably appears from the allegations of the bill of complaint that said deeds executed and delivered in 1882 and 1883 as above stated were without design, but through some mistake, oversight, or inadvertence, so worded as to convey the entire legal title to one tract of the land to the husband, and the legal title to an undivided interest in the other tract of land to the husband. It also reasonably appears from the allegations of the bill of complaint that the husband at no time after the execution and delivery of the deeds set up any claim whatever to the said lands, but, on the contrary, always recognized the lands as the property of his wife and admitted at all times up to the day of his death that the conveyances by accident, inadvertence, or mistake conveyed said legal title to him. Undoubtedly the bill of complaint might have in its allegations been more specific upon this latter point, but we do not think subdivision 3 of the bill of complaint can have any meaning whatever unless it is given the meaning which we have above given to it.

2. This bill was filed on March 10, 1911, or about 29 years after the above deeds were delivered. The husband died in 1910, and the bill was therefore filed within about a year after the death of the husband. The bill was filed by the widow of said deceased against the children and certain grandchildren—all of the heirs— of said deceased, and in her bill the complainant seeks to have the legal title to said lands divested out of said heirs of said deceased and vested in her as the real owner of said lands.

The respondents to the bill are the children and grandchildren (the grandchildren being the children of

a deceased child of said complainant and her deceased husband) of the complainant.

The bill alleges that the husband died solvent, and shows that no stranger has in any way acquired any interest in, or right in any way to, said lands.

The respondents claim that the complainant is not entitled to relief because of laches. The legal title appears to have resided in the husband for 28 years before his death, and while, as we have already said, the husband, during all those years, is alleged to have held those lands in recognition of his wife's right to them, the respondents contend that as the wife during that period took no steps to have the legal title vested in her, she has by her laches lost her right to appeal to a court of equity for relief. "Staleness or laches is founded upon acquiescence in the assertion of adverse rights and unreasonable delay on complainant's part in not asserting her own, to the prejudice of the adverse party." —*Treadwell v. Torbert,* 122 Ala. 300, 25 South. 216; *Montgomery Light & Power Company v. Lahey,* 121 Ala. 136, 25 South. 1006; *Ashurst v. Peck,* 101 Ala. 499, 14 South. 541; *Shorter v. Smith,* 56 Ala. 208; *Gilmer v. Morris,* 80 Ala. 78, 60 Am. Rep. 85; 1 Pom. Eq. Jur. § 419; 12 Am. & Eng. Ency. Law, 533. "Acquiescence involves knowledge, either actual or imputable, of the assertion of an adverse right. If there is no assertion of the adverse right, there can, of course, be no acquiescence."—*Haney v. Legg, et al.,* 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81. The above quotation from the case last cited, it seems to us, settles the question now under discussion adversely to appellants. There has not been, according to the allegations of the bill of complaint, an assertion of an adverse right to the rights of appellee, and the delay of complainant in filing her bill

[Salmon v. Salmon.]

has resulted in no prejudice to any party to the bill.—
*Martin v. Kelly,* 132 Ala. 201, 31 South. 476.

The decree of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ.,
concur