(98 South. 804)

FANNING v. FANNING. (7 Div. 434.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. Trusts ⬤➾103(2)—Wife procuring conveyance to herself held trustee sub modo for husband, who paid for the land.

Where husband purchased and paid for a city lot, and during his temporary absence from home, on wife's suggestion, and without the knowledge of the husband, deed thereto was made to the wife, but the husband raised no objection and allowed title so to remain until 1921, held, that title vested in the wife as trustee sub modo for him.

2. Equity ⬤➾67—Staleness or "laches" founded on acquiescence in assertion of adverse rights.

Staleness or "laches" is founded on acquiescence in the assertion of adverse rights, and undue delay on complainant's part in not asserting his own, to the prejudice of the adversary party.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Laches.]

3. Trusts ⬤➾365(5)—Husband's delay in filing bill to declare trust in city lot held excusable.

Where, in 1905, husband completed payments of purchase money on a city lot, and during his absence from home, on wife's suggestion, title thereto was taken in her name, bill to declare a trust, brought in 1921, was not barred by laches, since his conduct was excusable, because of the marital relation between the parties, so long as cohabitation continued, and complainant, being in possession along with his wife, could wait until his claim of ownership was attacked.

4. Trusts ⬤➾372(1)—Burden of proving plaintiff's estoppel to assert title rested on defendant.

Where husband made payments on city lot, and during his temporary absence from home deed thereto was taken in wife's name, and husband raised no objection until he filed bill in 1921 to declare trust, the burden of proving husband's estoppel to assert title by reason of the wife's payment for improvements while title was in her rested on defendant.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Bill in equity by Alfred Fanning against Ada Fanning for declaration and enforcement of a trust, etc. From a decree for respondent, complainant appeals. Reversed and remanded.

Lapsley & Carr, of Anniston, for appellant.

Laches is not a mere matter of time, but a question of the inequity of permitting a claim to be enforced. Inaction of complainant is not affected with fraud or deception, and his right is not extinguished. Galliher v. Cadwell, 145 U. S. 368, 12 Sup. Ct. 873, 36 L. Ed. 738; First Nat. Bank v. Nelson, 106 Ala. 535, 18 South. 154; Shorter v. Smith, 56 Ala. 208; Butt v. McAlpine, 167 Ala. 529, 52 South. 420.

Blackwell & Bibb, of Anniston, for appellee.

Appellant's demand is stale, and he has lost his right to appeal to equity. Gayle v. Pennington, 185 Ala. 53, 64 South. 572; Lady Ensley Co. v. Gordon, 155 Ala. 528, 46 South. 983; Salmon v. Wynn, 153 Ala. 538, 45 South. 133, 15 Ann. Cas. 478; Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 South. 393; Presley v. Weakley, 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39; James v. James, 55 Ala. 525; Johnson v. Johnson, 5 Ala. 91; M. L. Co. v. Lahey, 121 Ala. 131, 25 South. 1006; Gilmer v. Morris, 80 Ala. 78, 60 Am. Rep. 85; Nettles v. Nettles, 67 Ala. 599; Stearns v. Page, 7 How. 819, 12 L. Ed. 928; Badger v. Badger, 2 Wall. 87, 17 L. Ed. 836.

SAYRE, J. Alfred Fanning entered into a written contract with E. L. Martin for the purchase of a vacant lot in the city of Anniston. Payments of the purchase money were completed in 1905—such payments being made by Alfred, according to the preponderance of the evidence—after which a deed was executed conveying the lot to Ada Fanning, wife of Alfred. This was done during one of Alfred's numerous temporary absences from home, on the suggestion of the wife, and without the knowledge or consent of Alfred. However, very soon thereafter—within two or three months—Alfred was advised of what had been done; but he raised no objection and allowed the title to remain in its status quo until he filed this bill in April, 1921. Meantime the Fannings continued to live together as man and wife on the property, which was improved after purchase, until a short time before this bill was filed, when Ada moved away to Ohio, leaving Alfred, with their young children, in possession. Then Alfred filed this bill, praying that the deed to Ada be canceled and the title vested in him; in other words, that a trust for his benefit be declared and enforced in the property. On final hearing on pleadings and proof, complainant's bill was dismissed.

[1] On the facts we hold that the transaction in question operated to vest title in defendant as trustee sub modo for complainant; that is, that the parties had no intention to separate the legal title from the beneficial use, but defendant obtained the title by an unconscientious act, in violation of complainant's rights and wishes, and so by a fraud in law, substantially as averred in that alternative of the bill added by amendment, thus acquiring title to the property as constructive trustee for complainant. Butts v. Cooper, 152 Ala. 375, 44 South. 616.

[2, 3] Staleness or laches is founded upon acquiescence in the assertion of adverse rights and undue delay on complainant's part in not asserting his own, to the prejudice of the adversary party. Treadwell v. Torbert, 122 Ala. 300, 25 South. 216, and the cases cited to Zeigler v. Zeigler, 180 Ala. 251, 60 South. 810. The lapse of time is, of course, an important element: but there are others to be considered. In the present case two considerations conspire to excuse complainant for his delay in filing this bill: (1) The marital relation between the parties, so long as cohabitation continued, may well have excused complainant from proceeding against his wife (Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; Zeigler v. Zeigler, supra; 4 Pom. Eq. Jur. [4th Ed.] § 1452); (2) complainant was in possession, along with his wife, and could afford to wait until his claim of ownership was attacked, as, for example, by a suit to quiet title. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 South. 393; Woodlawn Realty & Development Co. v. Hawkins, 186 Ala. 234, 65 South. 183; 4 Pom. Eq. Jur. (4th Ed.) § 1454. In Ogletree v. Rainer, 152 Ala. 467, 44 South. 565, this principle was applied in favor of a party in possession under an equitable title. The notes under the section cited from Pomeroy's Equity Jurisprudence, supra, instance a number of cases in which much longer delay than here shown was excused. Nothing to the contrary appears from the record, save only defendant's contention that, pending the title in its present condition, she contributed from her earnings as a washerwoman to the payment of the indebtedness incurred in the improvement of the property after purchase. Such contributions, if made, were with the knowledge and acquiescence of complainant, of course, and that complainant stood by, allowing defendant so to invest her hard-earned wages in the improvement of the property, would afford a very persuasive reason for holding that he should not now be permitted to question the status of the title on which, presumptively, such investment was made. Gibson v. Herriott, 55 Ark. 85, 17 S. W. 589, 29 Am. St. Rep. 17, and authorities cited on page 22.

[4] But, in view of the finding that complainant had furnished the money for the purchase of the lot—this, because defendant appears to have had little earning power (in this latitude) and because the witness Martin, with whom the purchase of the lot was negotiated and to whom payments were made, so testified—the burden of proving this matter of prejudice to complainant, this matter of estoppel, for that is what it comes to—rests upon defendant. Anderson v. Northrop, 30 Fla. 612, 12 South. 318. Of payments for the improvement Martin seemed to know nothing, so that the opposing contentions as to that rest upon the contradictory testimony of complainant and defendant. Upon considerations already sufficiently indicated, we feel constrained to accept complainant's version of the facts as to payment for the improvement, viz. that he paid for the improve-

ment as well as for the original purchase. It results that complainant is entitled to a decree vesting the property in him, and, to the end that such decree be made, the decree rendered in the trial court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.