# Martin *et al. v.* Kelly.

*Bill in Equity for the Establishment of a Trust in Land.*

1. *Dismissal of bill for want of equity; final decree as to time of taking appeal.*—A decree rendered in vacation in a chancery cause, on a motion to dismiss the bill for the want of equity, which recites that the bill "is without equity and that it be dismissed," and in which it is further decreed "that no allowance to amend is given," is not an interlocutory decree within the meaning of the statute, (Code of 1886, § 3612), providing that an appeal from a decree sustaining a motion to dismiss for the want of equity must be taken within thirty days; but is a final decree from which an appeal may be taken within one year from its rendition, as provided by statute, (Code of 1886, § 3619).

2. *Dismissal of bill in vacation; complainant should be granted an opportunity to amend.*—A decree, rendered in vacation, sustaining a motion to dismiss the bill for the want of equity, without affording the complainant an opportunity to amend, is erroneous, and such error will work a reversal of the decree.

APPEAL from the Chancery Court of Geneva.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants, Sylvester Martin and others, against the appellee, M. W. Kelly. The purpose of the bill, as shown by its allegations and prayer, was, to have a deed to certain lands, executed by the father of complainants to the respondent, vacated, and to have the lands described in said deed decreed to be the property of complainants. The grounds upon which this relief was asked, are sufficiently stated in the opinion.

The appeal is prosecuted from a decree of the chancellor sustaining the motion of the defendant to dismiss the bill for the want of equity, and this decree is assigned

as error. The other facts of the case are sufficiently stated in the opinion.

W. O. MULKEY, for appellant.

M. E. MILLIGAN and ESPY & FARMER, *contra.*

COLEMAN, J.—The averments of the bill show, that the proceeds of certain land were held in trust by the father of complainants, to be invested by him in the purchase of other lands for their benefit, that the money was invested by him in other lands, but the title thereto taken in his individual name. The bill further shows that a part of the lands thus purchased were sold to repondent, and a deed made to him by their father; but it is expressly averred that respondent purchased the land with full notice and knowledge of the interest and claim of complainants. The prayer is that the conveyances to respondent be annulled, and that the lands be deemed to belong to complainants, and there is a prayer for general relief. According to the averments of the bill, the right of complainants to relief in nowise depends upon the parol agreement of the father, that he would invest the money in the purchase of lands for their benefit; but their rights result by operation of law, that the money did not belong to their father, but was received by him and held for their benefit, and which was invested in lands. The cause came on to be heard in vacation on a motion to dismiss the bill for want of equity, and it was decreed in vacation "that the bill is without equity, and that it be dismissed," and it was further decreed that "no allowance to amend is given." The appeal is prosecuted from the decree rendered in vacation dismissing the bill.

The case was submitted in this court upon the merits, and upon a motion by appellee to dismiss the appeal. The motion to dismiss the appeal is based upon the fact, that the appeal was not prosecuted within thirty days from its rendition.

Section 3612 of the Code of 1886 reads as follows: "From any decree, rendered by the chancery court in term time, or by the chancellor in vacation, sustaining or overruling a demurrer to a bill in equity, or sustaining or overruling a plea to such bill, or sustaining or

[Martin *et al.* v. Kelly.]

overruling a motion to dismiss such bill for want of
equity, an appeal lies in the Supreme Court, to be taken
within thirty days after the rendition of such decree;
the appeal shall be heard and determined by the Supreme
Court in preference to all other than criminal cases, and
if the decree of the chancellor is reversed, the court
shall render such decree as should have been rendered
by the chancellor; but nothing in this section shall be so
construed as to prevent an assignment of errors on such
decrees, on appeals taken after the final determination
of the cause, if appeals are not taken under this sec-
tion.''

Section 3619 of the Code of 1886 reads as follows:
''Appeals under this title, except in such cases as a dif-
ferent time is prescribed, must be taken within one year
from the rendition of the judgment or decree.''

The uniform decisions of this court are, that a party
is allowed twelve months within which to take an ap-
peal from any final decree or judgment. It would be
difficult to frame a decree more absolutely and unequiv-
ocally final. No one can read it and have any doubt,
that if it had been rendered in term time that it would
be held a final decree, and that an appeal could be taken
from it at any time within one year. The fact that it
was rendered in vacation can not change its character as
a final decree. The right to appeal under section 3612
is a personal privilege, of which the party may avail
himself or not. If he does not, he is entitled to all ad-
verse rulings under that section after a final decree in
the cause, from which an appeal may be taken within
one year.—§ 3619, *supra.* The motion to dismiss the
appeal is overruled.

The abstract does not contain the opinion of the chan-
cellor, if one was rendered by him, and we do not know
the reasons for his conclusion that the bill was without
equity. The appellee has not furnished a brief in the
case upon the merits. It is not a safe practice to dismiss
a bill in vacation on the pleadings, and thereby deprive
the complainant of all opportunity to amend his bill.—
*Forest v. Luddington,* 68 Ala. 1; *Winn v. Dillard,* 60 Ala.
369; *Stoudenmier v. DeBardeleben,* 72 Ala. 300; *Goodlet v.
Kelly,* 74 Ala. 213.

Reversed and remanded.