[Brackin v. Newman.]

# Brackin *v.* Newman.

*Bill to Declare Resulting Trust.*

121  311
123  509
121  311
127  235
121  311
d129  626
121  311
132  203
121  311
135  137
135  138
121  311
136  517

1. *Bill and amendment, one bill.*—If an amendment is allowed to an original bill in chancery, the two together are to be taken as constituting the bill of complaint in the cause.
2. *Husband; holds property bought with wife's money free from trust when.*—Where the husband buys land with the money of the wife and takes a deed in his own name, and she is advised of these facts, and he continues to hold possession under the claim of right, title and ownership for ten years, he has a perfect title in law and equity, free from any trust whatever.
3. *Same; what is a repudiation of his trust by.*—The fact that the husband takes the title in his own name to land purchased by him with the wife's money, is such a repudiation of his trust relation towards the money of the wife so used, that he is to be taken from that time on as holding adversely to her.
4. *Same; adverse holding by, of land purchased with wife's money.*—A parol trust in land cannot be created; and the facts that the husband and wife agreed that her money should be invested by him in land for her benefit, and that he never in terms repudiated this parol agreement, do not affect the adverse holding of the husband who takes the title in his own name to land purchased with the wife's money.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

Martha E. Brackin, having money of her separate estate, arising from the rent and sale of her land, agreed with her husband by parol that it should be reinvested in land for her benefit. It was invested by him in land, but he took the deed in his own name. He went into possession, and used and claimed it as his own land, which was known to his wife. He mortgaged the land to secure the payment of his own indebtedness, his wife joining in the mortgage. This mortgage was foreclosed under the power contained in it and the defendant, Robert Newman, became the purchaser. After this foreclosure, and after the lapse of ten years from the pur-

chase of the land by the husband with the wife's money, and from the time of his going into possession and claiming it, Martha E. Brackin brought this suit against her husband and the purchaser at the mortgage sale, to have a resulting trust declared in her favor. There was a demurrer to the bill and amended bill on the ground that the claim of the complainant was barred by the statute of limitations. Demurrer sustained, and Newman appealed. Affirmed.

1. H. A. PEARCE, for appellant.—Demurrer to a bill on the ground of staltness of demand, must point out the facts and circumstances which render the demand stale. *Ashurst v. Peck*, 101 Ala. 499.

2. When husband invests funds of wife in land, and takes title in his own name, he is the trustee of the wife, and does not hold adversely to her without a disavowal of the trust.—*McCarthy v. McCarthy*, 74 Ala. 546; *Hall v. Wilson*, 75 Ala. 58; *Hastie v. Aiken*, 67 Ala. 313.

3. Defense by demurrer cannot be made to a bill on the ground of adverse possession unless the bill shows on its face that there has been a hostile possession for the period to create a bar to recovery.—*Shorter v. Smith*, 56 Ala. 208; *Scruggs v. Decatur Mining & Land Co.*, 86 Ala. 173.

J. G. COWAN, *contra*.
No brief came to reporter.

McCLELLAN, C. J.—If the complainant intended to present her whole case in the amended bill she should have stricken out the original bill. Failing this the two together are to be taken as constituting the bill of complaint in the cause to which the demurrer of August 17th, 1898, was interposed.—*Taunton & Brooks v. McIntosh*, 46 Ala. 619; *Adams v. Phillips*, 75 Ala. 461; *American Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 163.

That the original and amended bills considered together present a case for relief which is barred by the statute of limitations of ten years, there can be no sort of doubt. The bill was filed in the year 1898. The

prayer is for the declaration and enforcement of a resulting trust. It is shown that in 1881 complainant's husband purchased and paid for the land in question with complainant's money and had the title thereto made to himself. It is also averred that he went into possession under that title in his own right and continued to hold said possession under claim of right, title and ownership thence on to the time he conveyed the land to the respondent Newman since 1892; and that complainant became aware of the fact that her husband had taken the title in his own name immediately after the purchase in 1881. On these facts the statute of limitations begun to run in 1881, and at the end of ten years had not only barred complainant's present bill, but had operated to invest in her husband a perfect title to the land, equitable as well as legal, freed from any trust whatever. We are not to be understood as intimating that a different conclusion would be reached upon consideration of the amended bill dissociated from the original bill. To the contrary it would seem that the mere fact that the husband had the land conveyed to himself was such a repudiation of his trust relation toward the wife's money with which he paid for it that he is to be taken from that time on as holding adversely to her. Of course the only trust possible of evolution out of the facts is one resting solely upon implications of law, and depending for existence upon principles of equity operating alone upon the fact that the wife's money paid for the land. A parol trust in land cannot be created, and all which is said in the bill as to the agreement or understanding between the husband and wife to the effect that this money, the proceeds of land belonging to her statutory separate estate, should be reinvested in land for her benefit is of no consequence, and hence it was of equal unimportance that he never in terms repudiated this parol agreement or understanding. So that on the averments of the amended bill alone the trust was of that constructive sort against which the statute began to run upon the instant of its coming into being.—*Robinson et al. v. Pierce*, 24 So. Rep. 984.

Nor is complainant aided by the consideration that under the law of force in 1881 her husband was her

[Rogers v. Bailey & Bro.]

statutory trustee, for, aside from other considerations which would seem to deprive that relation of effect in this case had it continued down to the present time, it in point of fact ceased on February 28, 1887, more than ten years before this bill was filed.

The decree sustaining the demurrer to the bill must be affirmed.