[Haney v. Legg *et al.*]

129 619
135 138
129 619
142 173

# Haney *v.* Legg *et al.*

*Bill in Equity to establish Resulting Trust in Lands.*

1. *Establishment of resulting trust; husband and wife.*—Where a husband purchases land with money which is a part of the wife's separate estate, and takes a deed in his own name, a trust results to the wife in such lands, which may be proven by parol; and it is not indispensable to the establishment of such trust that the whole of the purchase money should have been paid with the funds of the wife, but if any portion of the purchase money belonged to the wife, a resulting trust arises in her favor to the extent of the sum so used.

2. *Resulting trust; when statute of limitations begins to run.* When a trust is imposed by law, as in the case of a resulting trust, the statute of limitations begins to run in favor of the holder of the legal title against the equitable owner at the time of the conveyance, if there is no recognition of the rights of the *cestui que trust;* but if the latter's rights are recognized, the statute begins to run from the time when the holder of the legal title asserts an adverse right.

3. *Same; laches; when shown not to exist.*—The staleness of demand by laches in the establishment of a right is founded upon acquiescence in the assertion of adverse right and unreasonable delay on the part of the real owner in asserting his right to the prejudice of the adverse party; and on a bill filed by a wife to enforce a resulting trust in lands purchased by the husband with the complainant's money, and to which a deed was taken in his own name, where it is averred that the complainant had no knowledge that the deed was made to her husband, that he never asserted any ownership of the land, but recognized her separate right and admitted her ownership, such complainant can not be charged with laches in enforcing her equity, nor can she be charged with negligence in not inspecting the record of the conveyance for the purpose of ascertaining to whom it was made.

APPEAL from the Chancery Court of Limestone
Heard before the Hon. WILLIAM H. SIMPSON.
The bill in this case was filed by the appellant against the appellees. The facts disclosed by the amendment of

the bill are sufficiently set forth in the opinion.

To the amended bill the defendants demurred upon the following grounds: 1. The demand of the complaint, as set forth in the bill, is stale. 2. It is shown by the averments of the bill that the complainant's demand is barred by prescription, or the statute of limitations of twenty years. 3. It is not shown by the bill what distinct portion of the purchase money belonging to the complainant was paid in the purchase of the land involved in the controversy. 4. It appears from the averments of the bill that the complainant's separate estate did not pay the entire purchase money for the lands described in the bill, but that her husband paid a part of said purchase money. 5. Said bill seeks to establish a parol trust in real estate. The defendants also moved to dismiss the bill upon the following grounds: 1st. Because there is no equity in the bill. 2d. Because it is shown by the averments of the bill that the complainant has been guilty of laches in enforcing her alleged equity.

On the submission of the cause on the demurrers and motion to dismiss the bill, the chancellor rendered a decree sustaining the demurrer and motion, and ordered the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. R. WALKER and JAMES E. HOUGHTON, JR., for appellant.—Under the married woman's law in force at the time of the transactions mentioned in the bill from which the trust is alleged to have arisen, the husband was trustee for the wife.—Code of 1876, § 2706; Code of 1867, § 2372; Code of 1852, § 1983; *Shorter v. Smith,* 56 Ala. 208; *Robinson v. Robinson,* 44 Ala. 227; *Nettles v. Nettles,* 67 Ala. 599; *Brunson & Wife v. Brooks,* 66 Ala. 248.

When a husband purchases land with the wife's money and takes title thereto in his own name a trust will arise and be declared in the wife's favor.—1 Beach. Tr. & Trustees, § § 166-68; *Lewis v. Mohr,* 97 Ala. 360; *Kimbrough v. Nelms,* 104 Ala. 554; *Walker v.*

[Haney v. Legg *et al.*]

*Elledge*, 65 Ala. 51; *Hardin v. Darwin*, 66 Ala. 55; 2
Pom. Eq. Jur., §§ 981, 1037; *Lehman v. Lewis*, 62 Ala.
129; *Nettles v. Nettles*, 67 Ala. 599; *Whaley v. Whaley*,
71 Ala. 159; *Bibb v. Hunter*, 79 Ala. 351; *Sawyers v.
Baker*, 77 Ala. 461; *Lee v. Lee*, 77 Ala. 412; *Robinson
v. Robinson*, 44 Ala. 227; *Chambers v. Richardson*, 57
Ala. 85; *Garrett v. Garrett's Heirs*, 29 Ala. 439; *Pres-
ton v. McMillan*, 57 Ala. 84; *Thompson v. Hartline*,
105 Ala. 263; *Lee v. Browder*, 51 Ala. 288; *Sanders v.
Steele*, 124 Ala. 415; *Tilford v. Torrey*, 53 Ala. 122;
*Berry v. Weidman*, 20 S. E. Rep. (W. Va.) 817; *Anthe
v. Heide*, 85 Ala. 363; 4 S. Rep. 380; *Bracken v. New-
man*, 121 Ala. 311; *Kavanaugh v. Thompson*, 16 Ala.
812; *Long, Admr., v. King*, 117 Ala. 423. And the wife
can follow the funds into the land and impress a trust
thereon, or may charge the land with a lien in her
favor and call for a sale thereof to be reimbursed.
*Thompson v. Hartline*, 105 Ala. 267; *Long, Admr.,
v. King*, 117 Ala. 423; Tiffany on Pers. & Doms., 322
*et seq.; Murray v. Lilcburn*, 2 John Chan. 481; 1 N.
Y. Chan. (L. ed.), 440.

When trust funds are invested in land the same may
be followed and the facts may be shown by parol.—1
Beach on Tr. & Trustees, § 173; *Jordan v. Garner*, 101
Ala. 411; *Leach v. Leach*, 10 Vesey, Jr., 517. Parol
evidence is admissible to establish a trust arising by
implication of law.—2 Pom. Eq. Jur., § 1040; *Lee v.
Browder*, 51 Ala. 288; *Rhea v. Tucker*, 56 Ala. 450; *Bibb
v. Hunter*, 79 Ala. 351; *Jordan v. Garner*, 101 Ala.
411; *Larkin v. Rhodes*, 5 Porter 195; *Lehman v. Lewis*,
62 Ala. 129. A resulting trust arises *co instanti* the
conveyance become operative.—1 Beach. Tr. & Trustees,
§ 178; *Butler v. Ins. Co.*, 14 Ala. 777; *Taliaferro v.
Taliaferro*, 6 Ala. 404; *Foster v. Trustees*, 3 Ala. 302;
*Rhea v. Tucker*, 56 Ala. 450.

"Laches is defined to be such neglect or omission to
assert a right, as taken in connection with lapse of time
more or less great, and other circumstances, causing
prejudice to an adverse party, operates as a bar in a
court of equity."—*Montgomery Light & Power Co. et
al. v. Lahey et al.*, 122 Ala. 131-136; *Street v. Henry*,
124 Ala. 153; *Rives v. Morris*, 108 Ala. 527. The reason

given for the delay in the filing of the bill, as shown by the allegations of the bill are sufficient.—*Haggerty v. Elyton Land Co.*, 89 Ala. 428; *Scruggs v. Decatur Mineral Land Co.*, 86 Ala. 173; 5 Ala. 440; 12 Am. & Eng. Ency. Law (1st ed.), 540 *et seq.*; *Shorter v. Smith*, 56 Ala. 208; 1 Beach. Tr. & Trustees, §§ 175, 208, 209; *Coyle v. Williams*, 57 Ala. 108; *L. & N. R. R. Co. v. Phillyaw*, 94 Ala. 463; *Waller, Admr., v. Jones*, 107 Ala. 331; *Beadle v. Scott*, 102 Ala. 532; *Berry v. Weidman*, 20 S. E. Rep. (W. Va.) 817.

"When there is no conflicting claim of proprietorship, the possession of the husband will be referred to his representative character and regarded as the possession of his wife, notwithstanding the principle that possession is usually referred to the legal title. *Nettles v. Nettles*, 67 Ala. 599; *Robinson v. Robinson*, 44 Ala. 227; *Brunson & Wife v. Brooks*, 66 Ala. 248.

W. T. SANDERS, *contra.*—The following propositions show that the complainant could not maintain the present bill: First, that the husband of complainant repudiated his trust relation towards the wife's money when he purchased the land in his own name, and took the title to himself; and that consequently from the year 1866, the date of the purchase, his holding is bound to be considered as adverse to the appellant. Second, that the alleged representation of the husband that he held the land as the separate estate of his wife, was not sufficient to create a trust, since that could not be done by parol. Third, that his alleged promise, express or implied, to invest the wife's money for her sole and separate use is unavailing and of no consequence, for such a promise failed, when the title was taken in his own name, and he thereby and then repudiated the trust relation. Fourth, that the allegations of the amended bill amount simply to an effort to set up a parol trust, notwithstanding the legal title had been taken in the husband's name, it not being pretended that there was or is any writing tending to establish such a trusteeship as is alleged, the only evidence offered to establish the same being an alleged

[Haney v. Legg *et al.*]

verbal admission of the dead husband.    See *Bracken v. Newman*, 121 Ala. 311; *Robinson v. Pierce*, 118 Ala. 273; *Seals v. Robinson*, 75 Ala. 563; 12 Ency. Law (1st ed.), 550, § 4; *Ib.* 569, XIII.

TYSON, J.—The bill in this cause was filed by Mrs. Haney, who was the wife of the intestate Haney, against the administrator of his estate and his heirs at law, to enforce a resulting trust in a certain piece of land therein described. The bill was amended by the substitution of another, and it is the averments of the latter upon demurrer we are to review on this appeal.

The case as made by the amended bill is this: Complainant and the intestate were intermarried in 1863 and so continued in this relation until his death in 1895. Prior to her marriage she became entitled to certain moneys by inheritance and as legatee, which were collected by her husband and used by him in the purchase of this land, in 1866. That she and her husband went into the possession of the land, residing on it with their children until his death, since which time she has been and is now in the possession of it. During the entire period of their married life the husband disclaimed any ownership of the land, affirming at all times that it was purchased with her money and was her property. The deed to the land as shown by a certified copy thereof, made an exhibit to the bill, was executed on the 13th day of December, 1876, and was recorded October 15, 1880, and conveys the title to the land to the husband. The complainant avers her ignorance of the fact that her husband had taken the title in his own name and alleges that this fact did not come to her knowledge until shortly before or just after his death. That as her husband had always declared that the land was hers, and not his, she supposed that the title was in her name.

At the date of the alleged use of complainant's money by her husband in the purchase of the land, it was hers and not his. He was her trustee, and as such had the right to collect it, and to invest it for her benefit, (Code of 1852, § 1983) ; and the relation of trustee and *cestui*

[Haney v. Legg *et al.*]

*que trust* continued under our statutory system, until the adoption of the act of February 28, 1887.—Acts, 1886-87, p. 80; Code of 1876, §§ 2704, *et seq.* It is not, however, to be supposed, simply because of the existence of this relation and the use of the money of the *cestui que trust* by the trustee, where the conveyance taken makes no mention of the trust, that an express trust arises; nor is the principle here involved entirely analogous to the one applicable to cases where no trust relation exists between the parties. As for example, where A furnishes the funds to B, who purchases and takes title in his own name, instead of in A's. In that class of cases a resulting trust has its origin solely in the facts that the purchase money of land is paid or advanced by one person at the time of the purchase and the title is taken in the name of another. It is founded on the presumption that he who pays the purchase money intends to become the owner of the land, and, therefore, presupposes the authorized use of the money of him who asserts the trust and is implied independent of any fraud or of any fiduciary relation between the person who pays the money and him in whose name the title is taken, although the mere existence of such relation will not prevent the implication of such a trust. But the presumption of such intent does not arise unless the purchase money was paid before or at the time of the purchase, and hence it is universally held that the trust must have been coeval with the result from the original transaction or it cannot exist at all. If the payment is not made before or at the time of the purchase no equity is conferred upon him whose money is used to have a trust of this character declared in his favor.—*Preston v. McMillan,* 58 Ala. 84; *Lehman v. Lewis,* 62 Ala. 129; *Tilford v. Torrey,* 53 Ala. 120. Where, however, a trustee, as was the case here, employs the money of his *cestui que trust* in the purchase of lands, taking title in his own name in violation of his trust, such a trust originates in the right to pursue the trust fund through its various transmutations into a new investment, and it is immaterial whether the money of the *cestui que trust* was used at

the time of or before the purchase or subsequently thereto. If the *cestui que trust* authorizes the transaction or subsequently *ratifies and adopts it, the incidents of the trust, and the facts necessary in law to create it, do not differ in any respect from those of a simple resulting trust.—*Thames v. Rembert*, 61 Ala. 340; *Whaley v. Whaley*, 71 Ala. 159; *Long v. King*, 117 Ala. 423. It is not indispensible, however, that the whole of the purchase money should have been paid out of the funds belonging to the complainant. If any portion of it was her money, a resulting trust arises in her favor to the extent of the sum so used.—*Beadle v. Seat*, 102 Ala. 532; *Shelby v. Tardy*, 84 Ala. 327; *Anthe v. Heide*, 85 Ala. 236.

The equity here sought to be enforced, is one which arises by operation of law, and is in nowise dependent upon a contract, and, therefore, not within the influence of the statute of frauds, and may be established by parol.—3 Brick. Dig., 785, § 47. It arose, as we have said, when complainant's money was used by her husband in purchasing the land and the deed to him became operative, irrespective of any promise he may have made to have the title made to her. His promise, if one had been made, cannot be enforced, and we do not understand that the bill is predicated upon any such supposed right.

The important question presented by the demurrers, are, has complainant been guilty of *laches* in enforcing her equity, and is her right to do so barred by the statute of limitations of twenty years? "Staleness or *laches* is founded upon acquiescence in the assertion of adverse rights and unreasonable delay on complainant's part in not asserting her own to the prejudice of the adverse party."—*Treadwell v. Torbert*, 122 Ala. 300; *Montgomery Light & Power Co. v. Lahey*, 121 Ala. 136; *Ashurst v. Peck*, 101 Ala. 499; *Shorter v. Smith*, 56 Ala. 208; *Gilmer v. Morris*, 80 Ala. 78; 1 Pom. Eq. Jur., § 419; 12 Am. & Eng. Ency. Law, 533.

Acquiescence involves knowledge, either actual or imputable, of the assertion of an adverse right. If there is no assertion of the adverse right, there can, of course;

be no acquiescence. The averment is not only that complainant had no knowledge that the deed to her husband was made to him; but that he never asserted any ownership of the land. On the contrary, he recognized the trust and asserted that the land belonged to her. 15 Am. & Eng. Ency. Law (2d ed.), 1207. They were both in the possession of it and she had the right to rely upon his statement that she was the owner of it, and not he. It cannot be held, in the face of this statement, when weighed in connection with the relation that existed between them, that she was negligent in not inspecting the record of the conveyance for the purpose of ascertaining to whom it was made. Neither can it be held that she omitted or neglected asserting her equity against him, believing as she did, and as she had the right to do, that the title was in her or in him as trustee for her. After lulling her into a sense of security by this statement, it would be unconscionable to permit his representative and heirs at law to take advantage of her inertness in the discovery of the true state of the legal title, and to defeat her in the assertion of her equity within a reasonable time after discovering its existence.—2 Perry on Trusts, §§ 861, 867. For the same reason the statute of limitations can avail the respondents nothing. But aside from this, there is no merit in that defense as against the case made by the amended bill. The case of *Brackin v. Newman*, 121 Ala. 311, is relied upon by respondents. The facts of that case clearly distinguish it from this. There, the wife knew that the husband had taken the title in his own name and no recognition by him of her equity was shown. Here, there was no knowledge by the wife that the title was in her husband and there was a constant recognition by him of her equity, as well as her possession of the land. Here, no hostile claim was asserted by the husband, but a distinct and unqualified admission by him of her superior right and ownership. Manifestly, on this state of facts, the statute of limitations which is founded upon an adverse, hostile claim of ownership, is no defense.—*Robinson v. Robinson*, 44 Ala. 227; *Nettles v. Nettles*, 67 Ala. 599;

[Kelly v. Johnson.]

*Brunson v. Brooks,* 68 Ala. 248; *Berry v. Wiedman,* 40
W. Va. 41; 15 Am. & Eng. Ency. Law (2d ed.), 1207.
The principle applicable to this phase of the case is
clearly stated in a note in 2 Perry on Trusts (5th ed.)
to section 865 in this language: "When a trust is
imposed by law, as in the case of a resulting trust, the
statute begins to run in favor of the holder of the legal
title against the equitable owner at the time of the con-
veyance, if there is no recognition of the *cestui's* rights;
if his rights are recognized, then at the time when the
holder of the legal title begins to hold adversely."·

The result of the principles we have announced, con-
strains us to reverse the decree sustaining the demurrer
and motion to dismiss the amended bill for want of
equity and to render a decree here overruling them.

Reversed and rendered.