# Martin *et al.* v. Kelly.

*Bill in Equity to Establish Resulting Trust in Lands.*

[Decided February 13th, 1902.]

1. *Resulting trust in lands, when barred by statute of limitations and as a stale demand.*—Where complainants seek to establish a resulting trust in lands on the act of their ancestor, more than twenty years before the filing of the bill, in taking in his own name the deed to the land, which was paid for by another for the use and benefit of complainants, complainants having been *sui juris* during the whole time, their right of action is barred by the statute of limi-

[Martin *et al.* v. Kelly.]

tations and is a stale demand.

2. *Same; effect of quiet enjoyment of land within the twenty years by grantee in deed, together with complainant.*—Where a resulting trust in lands is sought to be established on the act of complainants' ancestor, more than twenty years prior to the filing of the bill, in taking in his own name a deed to land which was paid for by another for complainants' use and benefit—the bill being filed in 1895, an averment therein that the grantee in the deed and complainants lived together in the quiet enjoyment of said land until 1885, is not sufficient to avoid the statute of limitations and does not amount to an averment of the recognition on the part of such grantee of complainants' rights in the land.

APPEAL from Geneva Chancery Court.

Heard before Hon. W. L. PARKS.

This was a bill filed by Sylvester Martin, Jr., and other children of Sylvester Martin, Sr., for the purpose of declaring and enforcing a resulting trust in certain lands, the deed to which was taken in the name of Martin, Sr., but which were alleged to have been paid for by complainants' uncle for their use and benefit. The bill was filed against Kelly, grantee of Sylvester Martin, Sr. From a decree in favor of respondent, upon pleadings and proof, complainants appeal.

MULKEY & MULKEY, for appellants, upon the points decided by the court, cited *Clemmons v. Cox*, 114 Ala. 350; *Meyer Bros. v. Mitchell*, 75 Ala. 478; *Shorter v. Smith*, 56 Ala. 208; *Scruggs v. Decatur*, 86 Ala. 183.

ESPY, FARMER & ESPY, *contra,* cited *Phillippi v. Phillippi*, 61 Ala. 41; *Brackin v. Newman*, 26 So. Rep. 3; *Robinson v. Pierce*, 24 So. Rep. 984; *Nettles v. Nettles*, 67 Ala. 599; *James v. James*, 55 Ala. 525; *Solomon v. Solomon*, 81 Ala. 505; *Gibson v. Heriat*, 29 Am. St. Rep. 17; *Smith v. Thompson*, 54 Am. Dec. 126; 3 Brickell's Dig., 366, § 464.

DOWDELL, J.—On the former appeal in this case (*Martin et al. v. Kelly*, 113 Ala. 577), which appeal was taken from the decree of the chancellor sustaining a motion to dismiss the bill for want of equity, it was

VOL. 132.

then held that on the averments of the bill a resulting trust was created in favor of the complainants and that the decree dismissing the bill for want of equity was erroneous. The question of the statute of limitations and staleness of demand was not presented for consideration on that appeal. It appears from the bill, as well as the facts as now presented, that the resulting trust sought to be enforced arose on the act of Sylvester Martin, the father of the complainants, in taking the deed to the land in question in his own name, which was paid for with money furnished by one Glover, the uncle of complainants, and averred to be intended for their benefit and use, and that this was done in the year 1870, more than twenty years before the filing of the bill; that during all of this time, most, if not all, of the complainants were persons *sui juris*.

On these facts, the statute of limitations, as well as the defense of the staleness of demand, under the authority of *Brackin v. Newman*, 121 Ala. 311, seems conclusive against complainants' right of action. See also in this connection *Robinson v. Pierce*, 118 Ala. 273. And as to the staleness of the demand, see *Nettles v. Nettles*, 67 Ala. 599; *James v. James*, 55 Ala. 525; *Solomon's Heirs v. Solomon's Admr. et al.*, 81 Ala. 505; *Gibson v. Heriat*, 29 Am. St. Rep. 17; *Smith v. Thompson*, 54 Am. Dec. 126.

It is true the bill contains the following averment: "Complainants aver that the said Sylvester Martin and the complainants in this cause, lived together in the quiet enjoyment of this land up until the year 1885." This allegation is not sufficient to avoid the statute of limitations. See *Phillippi v. Phillippi*, 61 Ala. 41. The fact that there was testimony offered on the part of the complainants tending to show that Sylvester Martin, the father of complainants, during the time he was in possession of said land, recognized the rights of the complainants to said lands, can be of no avail to the complainants for the reason that the bill contains no averment of such recognition on the part of said Sylvester Martin. Proof without allegation is as unavailing as allegation without proof. The averment in the bill that the complainants lived on said land with Syl-

[Hough v. Smith, Ex'r. Etc.]

vester Martin, their father, in the quiet enjoyment of the same until the year 1885, does not amount to an averment of the recognition on the part of Sylvester Martin of complainants' rights in the lands.

The decree in this case was rendered on a final submission of the cause on the pleadings and evidence, and as we see no reason for disturbing the decree, it will, therefore, be affirmed.