# Oden *v.* Lockwood.

*Bill in Equity to establish Resulting Trust.*

1. *Parol trust in land can not be established; equity of bill.*—A parol trust in land can not under the statute be established, (Code, § 1041); and a bill filed seeking the establishment of a resulting trust in land, which avers nothing more than a promise on the part of respondent to purchase the land and have a title made to the complainant, is without equity and subject to demurrer.

2. *Bill for an accounting; demurrer.*—A bill for an accounting which shows no complications of accounts, but only avers an indebtedness on the part of the respondent, is without equity and subject to demurrer.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. WILLIAM W. WILKERSON.

The bill in this case was filed by the appellant, E. J. Oden, against the appellee, J. L. Lockwood.

It was averred in the bill that for many years prior to 1898 the complainant was in the continuous employment of the defendant and had performed for him much valuable service for which he had never been paid; that finally,

as compensation for services rendered to him, the defendant told the complainant to pick out a piece of land that was suitable for the purpose and he would purchase it for him and build thereon a distillery which would be operated by the complainant and that the net proceeds arising from the sale of the product of said distillery would be equally divided between the complainant and the respondent; that it was expressly stated by the defendant that the land was to be purchased and the distillery to be built thereon was to belong and be the property of the complainant; that in accordance with these directions and placing confidence in what the respondent said, the complainant selected a suitable piece of property for the purpose desired, which the respondent purchased and upon which the respondent had constructed a distillery plant; but that contrary to the promise made by the defendant, and in violation of the agreement made by him with the complainant, the defendant had the title to the property so purchased made in his own name, and the deed conveying the same was executed to him, the defendant, and that the defendant, in violation of such promise, claimed and asserted ownership to said land and the improvements which had been made thereon; that the distillery had been successfully operated and money had been made therefrom, but that the defendant had never divided any of the profits arising from such business with the complainant, nor had the defendant ever paid to the complainant anything for the services rendered by the complainant to him.

The prayer of the bill was that a decree be rendered declaring that the defendant holds the lands described and the improvements thereon in trust for the complainant; that the defendant be required to execute a deed to the complainant conveying to him the title in fee simple to said land and improvements and to all rights, privileges and appurtenances; and that the complainant be enjoined from taking away or removing from said premises any improvements that may have been erected thereon, and further that an accounting be held between the complainant and the defendant to ascertain the amount

[Oden v. Lockwood.]

due the complainant from the defendant, and that he be decreed to pay the sum so ascertained to be due.

To this bill the respondent demurred, among others, upon the following grounds: 1. "Because it appears from said bill of complaint that said alleged promise or agreement related to real estate and the same was a mere verbal promise or understanding and, therefore, void." 2. "And respondent demurs to so much of the bill of complaint as seeks to establish a trust in lands named therein, upon the ground that the relief prayed for is based upon the alleged promise of the respondent to the complainant, that said promise is in parol and is void under the statutes of Alabama, and if the relief prayed for is based upon a resulting trust, the allegations of the bill do not show that the lands were paid for out of the money belonging to the complainant, and, therefore, a trust was not created in favor of the complainant." 3. "The respondent demurs to so much of the bill of complaint as seeks an accounting: 1. Upon the ground that the bill does not show any mutuality of accounts between the parties, or such a complication of accounts as requires the intervention of a court of equity; and 2, because it appears from the allegations of the bill as to such accounting, that the complainant has a plain and adequate remedy at law."

On the submission of the cause on the demurrers, the court sustained the grounds of the demurrer as above set out.

From this decree the complainant appeals, and assigns the rendition thereof as error.

SUMTER LEA and ARTHUR L. BROWN, for appellant. This transaction is not within the scope of the statute of frauds, for the reason that appellant was put in possession of the land under the promise that it was granted to him in settlement of the indebtedness owing him from the appellee, which would certainly be equivalent to a putting in possession and payment of purchase money; for it was the settlement of appellant's claim which

[Oden v. Lockwood.]

formed the consideration of this contract.—*Rovelsky v. Scheuer*, 114 Ala. 419; *McKinnon v. Mixon*, 29 So. Rep. 690; *Price v. Bell*, 91 Ala. 180; *L. & N. R. R. Co. v. Philyaw*, 94 Ala. 463; *Steadham v. Parrish*, 93 Ala. 465; *Eubanks v. May et al.*, 105 Ala. 630; *McMahan v. Jacoway*, 105 Ala. 585; *Brewer v. Brewer & Logan*, 19 Ala. 481; *Powell v. Higley*, 90 Ala. 103; *Kent et al. v. Dean*, 128 Ala. 600.

A. O. LANE, *contra.*—If the bill be declared one to have declared a trust in lands, it is fatally defective, because whatever promise was made in relation thereto was in *parol*, and a *parol* trust cannot be created as to lands.—Code, § 1041; *Patton v. Beecher*, 62 Ala. 572; *Manning v. Pippen*, 95 Ala. 541; *Brackin v. Newman*, 121 Ala. 311.

If the bill be regarded as one for an accounting, it is equally defective, because there is no mutuality or complication of accounts shown. The alleged debts are all on one side, and there are no credits.—*Dargin et al. v. Hewlett*, 115 Ala. 510; *McCaw v. Barker*, 115 Ala. 549.

DOWDELL, J.—The bill in this case is not one for the specific performance of a contract as to the sale of land, as counsel for appellant seem to think, and insist in their brief. By its averments, as well as in the prayer for relief, the bill is clearly one to establish a trust in the lands described.

There is no pretense that the lands were purchased with complainant's money, and no facts are stated that would constitute a resulting trust. On the contrary, the bill avers a promise on the part of the respondent to purchase the lands and to have the title made to the complainant. Nothing more can be made out of it, than an attempt to establish a parol trust in lands. This of course cannot be done.—Code, § 1041; *Patton v. Beecher*, 62 Ala. 579; *Manning v. Pippen*, 95 Ala. 541; *Brackin v. Newman*, 121 Ala. 311.

An accounting is also prayed for. As a bill for an accounting it is clearly defective. There is no compli-

cation of accounts shown. Indeed the indebtedness aver-red is all one side. The complainant alleges that the respondent is indebted to him for services rendered, and for one-half of the profits of the distillery, and for aught that appears he has a complete and adequate remedy at law. It is not pretended that there was any partnership between the complainant and defendant, and no settlement of a partnership is sought.

There was no error in sustaining the demurrer to the bill, and the decree will be affirmed.