# Union Cemetery Co. *v.* Jackson, *et al.*

*Bill to Rescind Contract of Purchase and to Annul Conveyance.*

(Decided May 14, 1914. Rehearing denied June 30, 1914. 65 South. 986.)

1. *Pleading; Construction.*—Pleadings are no stronger than their weakest alternative averment, and will be so construed.

2. *Cancellation of Instrument; Bill; Sufficiency.*—A bill for the cancellation of a conveyance and the rescission of a contract of purchase of land, which, after alleging that respondents fraudulently misrepresented that the land sold extended to a public road, averred that respondents, prior to the conveyance, for the purpose of informing complainant as to their title, furnished an abstract with a plat of the land showing that the land extended up to and along the

public road, or so very near thereto that thereby complainant was led to believe that the land to be conveyed extended to the public road, made out no case for equitable relief; since the alternative averment showed that complainant might have discovered the false representation.

3. *Vendor and Purchaser; Rescission; Time; Laches.*—Laches is grounded upon the assertion of adverse rights and unreasonable delay, to the prejudice of the adverse party, and acquiescence involves actual or imputable knowledge; hence, a complainant is not guilty of laches where, within eight months after discovering a false representation in a sale of land, it filed its bill for a cancellation of the conveyance and a rescission of the contract of purchase, the respondents' position having in no way changed except that one of the respondents had died in the interim.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by the Union Cemetery Company against R. T. Jackson and others to cancel a conveyance, and rescind a contract of purchase of land. From a decree sustaining respondents' demurrers to the bill, complainant appeals. Affirmed.

W. S. BURROWS, for appellant. The bill as last amended contained equity, and the demurrers thereto should have been overruled.—§§ 2469, 4298 and 4852, Code 1907; *Harris v. Carter*, 3 Stew. 236; *Camp v. Camp*, 2 Ala. 634; *Griggs v. Woodruff*, 14 Ala. 13; *Reid v. Walker*, 18 Ala. 326; *Lanie v. Hill*, 25 Ala. 554; *Foster v. Gressett*, 29 Ala. 395; *Kelly v. Allen*, 34 Ala. 672. Appellant is not guilty of laches.—*Mullen v. Walton*, 142 Ala. 171; *Haynie v. Legg*, 129 Ala. 623; *Harris v. Ivey*, 114 Ala. 364; *L. & N. v. Philyaw*, 94 Ala. 464, and authorities supra.

CARMICHAEL & WYNN, for appellee. The statements of the bill are too vague and indefinite.—*Land v. Cowan*, 19 Ala. 29; *S. & N. R. R. Co. v. Lancaster*, 62 Ala. 555; *Rapier v. Gulf C. P. Co.*, 64 Ala. 330. The appellant was guilty of negligence in buying the land.—70 Am.

Dec. 406; 58 L. R. A. 804; *Juzan v. Toulmin,* 9 Ala. 663; *Carlisle v. Barker,* 57 Ala. 267; *Johnson v. Rogers,* 123 Ala. 579, and cases cited. Complainant is barred by laches.—2 Pom. § 853; *Lockwood v. Fitts,* 90 Ala. 150.

McCLELLAN, J.—This amended bill, filed by appellant (a corporation) against appellees, seeks the rescission of a contract of purchase of land, the restoration of the parties to the status quo, and the cancellation of the conveyance made to the corporation. The other theory of the amended bill, which appellant would seem to assert as an alternative, contemplates a reformation of the conveyance. But this theory is rendered impossible of sanction by the averment of the amended bill whereby the absence of title in the grantors is affirmed. This appeal is from the decree sustaining demurrer to the bill as last amended.

The basis of complainant's claim for relief is misrepresentation in respect of one boundary of a plat of land containing one acre. Complainant was and is the proprietor of an area devoted to cemetery purposes. In order to improve the means of ingress and egress therefrom, the company desired to extend its holdings so as to afford a way into the burial ground from a nearby public road, which ran approximately 350 feet from the company's land. Dinkins, since deceased, and Jackson, Dinkins' brother-in-law, owned, as we must interpret the bill, an acre of land lying between the company's property and the public road to which the company desired to approach from its land. It is averred in the bill that, when fully advised of the company's purpose to secure approach to the public road, the grantors falsely represented, as a fact, that their property would, if purchased by the company, afford the desired means of way from the public road to the company's property;

that the grantors' land extended from the cemetery property to the public road. It is further averred that the fact that the *acre* really owned by the grantors was under fence with an additional area that extended toward the public road contributed to emphasize the company's right to rely upon the aforesaid representations of the grantors; the company being ignorant in respect thereto. But these averments appear in the amended bill:

"And complainant further avers that at the time of the negotiations leading up to the making of said conveyance to it, or just prior thereto, and for the purpose of informing complainant as to their [grantors'] title in said tract, said Jackson and Dinkins furnished to complainant an abstract of title to said land with which a plat of said land was also exhibited and appended thereto, and was also furnished to complainant; and it avers that the said plat designated the said tract which was then about to be conveyed to complainant by them as being bounded by or extending up to and along the said public road on the east side of said road, or *so very near thereto* that by reason of the furnishing of said plat to complainant, and the said fence being along the eastern line or boundary of said road as aforesaid, and the statements contained in the said conveyance which was executed to complainant, and the representations therein contained, and the representations made to complainant by said Jackson and Dinkins at and prior to the time of said conveyance as aforesaid, that the land so conveyed, or which at that time was about to be conveyed, to complainant was bounded on the west side by a public road, the remaining of said fence along the boundary of said road as aforesaid, together with the fact that said land was undisturbed by any one claiming a title superior to the title of complainant or other-

wise as aforesaid, all together lulled complainant into inactivity and the belief that further inquiry as to the true location of the western boundary line of the tract so conveyed was entirely unnecessary."

It is manifest that the alternative averment, which we have italicized, shows no more than that the plat, which was made for the particular purpose, and so ac cepted by complainant, of advising and informing the complainant of the western boundary of said Dinkins-Jackson plat, pictured that area as extending only *very near* to said public road, and by necessary implication negativing any basis for conclusion that it *extended to* said public road. Pleadings are no stronger than their weakest alternative.—*Shahan v. Brown,* 179 Ala. 425, 60 South. 891, 895, 43 L. R. A. (N. S.) 792; *Jordan v. Ala. City Ry. Co.,* 179 Ala. 291, 60 South. 309, 311; *Osborne v. Ala. S. & W. Co.,* 135 Ala. 571, 33 South. 687.

The result is that the amended bill sets forth a case where the party complaining—with a view to equitable relief against a consummated contract—was afforded, before concluding the negotiations, ample and particular opportunity to ascertain and to know by mere inspection of a plat, furnished and accepted for the very purpose of informing the complaining party, that the false assertion upon which the complaining party claims to have relied and acted was untrue. So that the familiar doctrine which denies relief in equity because of false representations, where the real truth and fact was open to the unhindered observation of him who complains, or his ignorance (if so) is attributable to his negligent failure to use the means and opportunities in his power to ascertain the facts (*N. O. & Ala. C. & M. Co. v. Musgrove,* 90 Ala. 428, 7 South. 747; *Johnson v. Rogers,* 112 Ala. 576, 20 South. 929; *Crown v. Carriger*

66 Ala. 590), has application here, and in consequence justified the chancellor in sustaining the demurrer. If it was the pleader's purpose to assert facts or circumstances whereby excuse could be accorded the company from deriving from the plat the information that. the Dinkins-Jackson *acre* and the public road had no common boundary, the object was not attained by the averments quoted above. It appears therefrom that the abstract of title and the plat were made and furnished to the complainant for the particular purpose of informing it. According to the amended bill, the intervention, between the land of the vendors and the road, of an area not owned by the vendors was shown by the plat. If in connection with the circumstances averred, there was conflict between the representations of the vendors and the abstract and the plat exhibited therewith, manifest prudence required, if concluding negligence of the company was to be averted, that the company apply, by survey of the *single acre* to be purchased, the information within its hand.

Omitting account of other considerations that might justify the same conclusion on this appeal, the decree must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.

### ON REHEARING.

McCLELLAN, J.—While affirming the decree sustaining the demurrer to the bill as last amended upon the consideration stated in the opinion (ante) delivered as from the original submission, the *reason* leading the learned chancellor to the result effected by the decree, viz., laches, cannot be approved. According to the aver-

ments of the bill as last amended, concluding laches cannot be imputed to the complainant.

Laches is founded upon acquiescence in the assertion of adverse rights and unreasonable delay, to the prejudice of the adverse party, on complainant's part in asserting the rights it would vindicate. Acquiescence involves actual or imputable knowledge. If a complainant is ignorant of the facts and of his rights, acquiescence and unreasonable delay cannot be appealed to to conclude him. In order to leave that effect, the complainant must have knowledge of the facts which entitle him to relief, *and* thereafter manifest a want of diligence in asserting his right.—*James v. James,* 55 Ala. 525; *Haney v. Legg,* 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81.

It appears from the bill as last amended that the fact that the plat of land actually purchased did not extend to the public road, so as to afford a way therefrom into the complainant's property, as Dinkins and Jackson are averred to have represented, was not known to the complainant until, at most, eight months before this bill was filed to rescind the contract, and that, aside from the death of Dinkins, about fourteen months after the execution of the conveyance in question, "there has been no change of conditions" which would affect or embarrass the process of restoring the parties and the property to the status existing before the conveyance was executed. The averments of the bill as last amended render it impossible of a construction that would impute to the complainant a confirmation of the result of the fraudulent representations alleged, or that would justify the imputation that complainant did anything in respect of the conveyance or the property approaching, even, a waiver of the rights it would now assert, thus exempting the bill from the concluding doctrine stated in *Lockwood v. Fitts,* 90 Ala. 154, 155, 70 South. 467.

According to the averments of the bill, there was no earlier assertion or interposition of claim by any one to the strip intervening between the *acre* really owned by Jackson and Dinkins and the public road; and only after a survey, made less than a year before this bill was filed, did it become known to complainant that the *acre* did not extend to the public road. Under the circumstances set forth in the bill, there was no *unreasonable* delay in seeking the relief sought by the bill by way of rescission.

The application for rehearing is denied.