(92 South. 420)

**SOUTH et al. v. PINION et al.**    (6 Div. 574.)

(Supreme Court of Alabama. Jan. 12, 1922.)

**1. Descent and distribution**   &#9750;8—**Lands held in trust by husband of intestate pass to her children.**

Under Code 1907, §§ 3754, 3765, lands purchased for intestate with her funds, title to which is held in trust by her husband, pass to her children by inheritance, subject to the husband's life estate.

**2. Equity** &#9750;219—**Demurrer lies for laches.**

Demurrer lies for laches appearing on the face of bill.

**3. Limitation of actions** &#9750;180(2)—**Demurrer lies for statutory limitations where the pleading shows adverse possession.**

Demurrer lies for statutory limitations where adverse possession sufficient to bring the case within the statute appears upon the face of the bill.

**4. Equity** &#9750;67—**Laches is a defense founded upon the doctrine of repose, and not primarily upon possession.**

The defense of laches rests upon the doctrine of repose as applied to the particular case with reference to the reasonableness of the time within which adverse rights are asserted, and it is not primarily affected by the possession of the property in dispute.

**5. Equity** &#9750;70—**Acquiescence involves knowledge which manifests a want of diligence.**

In applying the defense of laches, acquiescence, or knowledge of an adverse claim will be presumed after a lapse of time where equity demands it, but acquiescence involves a knowledge of facts affording grounds for relief that will not be allowed to prejudice adverse interests.

**6. Adverse possession** &#9750;62(2)—**Cancellation of instruments** &#9750;34(1)—**Facts held not to constitute laches in suit to annul a deed; permissive holding held not to confer title by adverse possession.**

A husband bought lands with his wife's funds, taking title in his name during her lifetime. She resided thereon until her decease, and thereafter the husband continued his residence, acknowledging her former rights until he died in 1920. In 1910 his second wife had obtained a conveyance by fraud, without consideration, with knowledge of the equities, but making no adverse claims until 12 months preceding the filing of the bill. Held, in a suit by the heirs of the first wife against the second wife to annul the conveyance to her, that defendants cannot assert laches nor the statute of limitations as the statute did not begin to run until the holder of the legal title asserted an adverse interest.

Appeal from Circuit Court, Fayette County; J. J. Curtis, Judge.

Bill by Mattie South and others against Mary E. Pinion and another, to annul a deed, to determine the interests of the party to the land described, and to sell the land for division. From a decree sustaining demurrers to the bill, complainants appeal. Reversed and remanded.

The facts made by the bill sufficiently appear from the opinion of the court, and the demurrers are, in effect, that the trust claimed in the land is barred by the statute of limitations and by laches, and that the facts stated do not constitute a trust in the land in favor of the first wife.

W. F. Finch, of Jasper, for appellants.

A trust is shown, resulting from the use of money of the first wife. 196 Ala. 184,

72 South. 14; 200 Ala. 358, 76 South. 124. The children of the first wife inherited subject to the life estate of the husband. Sections 3754 and 3765, Code 1907. The original holding was permissive, and the change of the nature of possession was not wrought until notice was brought to the knowledge of the legal title. 84 Ala. 208, 4 South. 22; 178 Ala. 375, 59 South. 609; 196 Ala. 184, 72 South. 14; 78 South. 47. Possession of the life tenant cannot be adverse to the remainderman, and a conveyance by the life tenant passes no more than his title. 164 Ala. 393, 51 South. 20; 195 Ala. 22, 70 South. 166, 2 A. L. R. 36; 201 Ala. 638, 79 South. 110; 200 Ala. 293, 76 South. 59; 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226; 124 Ala. 325, 27 South. 461; 180 Ala. 425, 61 South. 96.

S. T. Wright, of Fayette, for appellees.

No resulting trust is shown, and, if shown, it is barred by the statute of limitations. 121 Ala. 311, 26 South. 3; 132 Ala. 201, 31 South. 476; 195 Ala. 539, 70 South. 662; 200 Ala. 358, 76 South. 124; 196 Ala. 184, 72 South. 14; 117 Ala. 423, 23 South. 534.

THOMAS, J. Demurrer was sustained to the bill as amended, so far as it pertained to the lands described in the deed from A. W. Pinion to his wife, Mary E. Pinion. The assignment of error challenged this ruling.

It is conceded by appellee that the question of existence or nonexistence of a resulting trust in the land made the subject of the suit is of primary importance.

The facts averred in the bill, filed by the children of Etta Pinion, the first wife of A. W. Pinion, against the child of said Pinion by his second wife, Mary E. Pinion, and against the said Mary E. Pinion as the widow of the said A. W. Pinion, are that, before the death of Etta, the husband, collecting and holding the wife's moneys for her benefit, used it in buying the lands described in the bill, taking the title thereto in his name; that he and the said Etta resided thereon until her death about 15 years ago, and thereafter the husband continued to live on the land until about February, 1920, when he died; that on December 5, 1910, Mary E. Pinion (the second wife) secured a conveyance to certain of the lands described in the bill, through fraud or undue influence, and without paying any consideration for its execution, and with a knowledge of complainants' equity. It is further averred that A. W. Pinion's possession from the time he secured the deed was permissive; that he never did claim the land adversely, but always acknowledged the property to be that of his wife, Etta, during her lifetime, and that after that it was the property of complainants; and that, so far as complainants know, Mary E. Pinion never claimed to own the land until after the death of A. W. Pinion, and never assessed it for taxation, or asserted any claim thereto, until within the 12 months immediately preceding the filing of the bill.

[1] After the death of Etta Pinion her children inherited such lands of which she died seized and possessed, subject to the life estate in the same which the husband took under the statute (Code 1907, §§ 3754, 3765; Jenkins v. Woodward Iron Co., 194 Ala. 371, 69 South. 646; Veitch v. Woodward Iron Co., 200 Ala. 358, 360, 76 South. 124; Barton v. Laundry, 202 Ala. 10, 79 South. 308)—such lands to which the wife had a perfect equity (Love v. Butler, 129 Ala. 531, 30 South. 735; Tumlin v. Tumlin, 195 Ala. 457, 466, 70 South. 254; Veitch v. Woodward Iron Co., supra).

[2-4] It is a rule of practice that a demurrer will lie for laches or statutory limitations appearing on the face of the bill. Veitch v. Woodward Iron Co., supra; Scruggs v. Decatur Min. & Land Co., 86 Ala. 173, 5 South. 440; Gayle v. Pennington, 185 Ala. 53, 64 South. 572; Fowler v. Alabama, etc., Co., 164 Ala. 414, 51 South. 393; Greenlees v. Greenlees, 62 Ala. 330. The doctrine of repose, the basis of the rule of laches and of prescriptions, is applied or denied on the natural justice of the circumstances of each case that may or may not affect the right of procedure in equity. Hence it is not primarily a question of possession, but one of acquiescence in the assertion of adverse rights and unreasonable delay on the part of the real owner in asserting his right, to the prejudice of the adverse party. Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81; Butt v. McAlpine, 167 Ala. 521, 52 South. 420; Union Co. v. Jackson, 188 Ala. 599, 604, 65 South. 986; First Nat. Bank v. McIntosh, 201 Ala. 649, 653, 79 South. 121, L. R. A. 1918F, 353.

[5] Acquiescence or knowledge, after lapse of time, will be presumed where the equity of such case demands; yet it follows that acquiescence involves knowledge of the facts which entitled to relief—manifests a want of diligence which will not be allowed to the prejudice of adverse interests. First Nat. Bank v. McIntosh, supra; James v. James, 55 Ala. 525; Union Co. v. Jackson, supra.

[6] Complainants' averments are sufficient to avoid laches and the statute of limitations.

The case made by the instant bill is different from Brackin v. Newman, 121 Ala. 311, 26 South. 3. There the statement of fact was that money from the wife's separate estate, by agreement with the husband by parol, was invested in land for her benefit, the deed being taken in the husband's name; that he went into possession of the lands, used and claimed the same as his own, which fact "was known to his wife"; and that he mortgaged the land to secure the payment of his own indebtedness, his wife joining therein. This mortgage was foreclosed under the pow-

er, a third party purchasing, and after the lapse of 10 years from the purchase of the land by the husband with the wife's money, and from his first taking possession thereof and claiming it as his own, and after the foreclosure of the mortgage, the wife brought suit against the purchaser and her husband to have a resulting trust declared in her favor. Relief was denied on the ground that the claim was barred by the statute of limitations. Mr. Justice McClellan observed:

"Of course the only trust possible of evolution out of the facts is one resting solely upon implications of law, and depending for existence upon principles of equity operating alone upon the fact that the wife's money paid for the land," and the trust was of the "constructive sort against which the statute began to run upon the instant of its coming into being."

Smith v. Dallas Comp. Co., 195 Ala. 534, 70 South. 662; Veitch v. Woodward Iron Co., supra.

The case at bar is differentiated from the authorities cited by appellees, in that appellants aver that though the said A. W. Pinion purchased the lands in his own name with the moneys of complainants' mother, yet he never did claim the land adversely to the complainants and their mother, always acknowledging their right and title thereto, and that his possession was permissive; that respondent's deed was procured by fraud or undue influence, and without consideration, and that she made no claim of ownership under said deed or to said land until a short while before the bill was filed. Waddail v. Vassar, 196 Ala. 164, 72 South. 14; Veitch v. Woodward Iron Co., supra. No permissive possession, unaccompanied by a claim of ownership, can ripen into title; and especially is this true where there are remaindermen, and the holder conveying is merely a life tenant. Winters v. Powell, 180 Ala. 425, 61 South. 96; Kidd v. Borum, 181 Ala. 144, 61 South. 100, Ann. Cas. 1915C, 1226; Kidd v. Cruse, 200 Ala. 293, 76 South. 59; Cruse v. Kidd, 195 Ala. 22, 70 South. 166, 2 A. L. R. 36; Wiley v. Wilhite, 201 Ala. 638, 640, 79 South. 110.

The bill filed in Haney v. Legg, 129 Ala. 619, 30 South. 34, 87 Am. St. Rep. 81, was to establish a resulting trust in land where a husband had purchased land with the money of the wife, and wrongfully took the deed in his own name. Held, a trust resulted to the wife in such land which may be proved by parol; that it was not indispensable to the establishment of the trust that the whole of the purchase money should have been paid from the wife's funds, but that a part thereof was received before or at the time of the purchase and so invested (Guin v. Guin, 196 Ala. 221, 72 South. 74); that, when a trust is imposed by law, the statute of limitations begins to run in favor of the holder of the legal title against the owner of the equitable title at the time of the conveyance, if there is no recognition of the rights of the cestui que trust. If such recognition, "the statute begins to run from the time when the holder of the legal title asserts an adverse interest." The justice said:

"Here no hostile claim was asserted by the husband, but a distinct and unqualified admission by him of her superior right and ownership. Manifestly, on this state of facts, the statute of limitations which is founded upon an adverse, hostile claim of ownership is no defense."

This is the rule given expression in 2 Perry on Trusts (5th Ed.) § 865. The case of Brackin v. Newman, supra, is distinguished by reason of the fact that the wife knew that the husband had taken the title in his own name, and no recognition by him of her equity was averred and shown.

The averment of the bill is that, although A. W. Pinion "used money which belonged" to Etta Pinion with which to buy said land, title to said land was made to the said A. W. Pinion, but at all times was there a recognition of the right of the cestui que trust. Martin v. Kelly, 132 Ala. 201, 203, 31 South. 476. The case is within the influence of Haney v. Legg, supra, Philippi v. Philippi, 61 Ala. 41, and Martin v. Kelly, 113 Ala. 577, 578, 21 South. 337, rather than cases denying that a parol trust in land can be established under the statute in equity (Oden v. Lockwood, 136 Ala. 514, 33 South. 895) in the absence of fraud (Corley v. Vizard, 203 Ala. 564, 84 South. 299). Under the circumstances set forth in the bill, there was no unreasonable delay in seeking the relief sought—to enforce the rights of complainants which in no wise depended upon the parol agreement of the father. Martin v. Kelly, 113 Ala. 577, 21 South. 337.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.